UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASMODUS, INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>JUNBIAO OU, et al.,<br><br>    Defendants. | Case No. 5:16-cv-03305-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO CHANGE VENUE**<br><br>Re: Dkt. Nos. 18, 35, 37 |

This case centers on the popular smoking phenomenon known as "vaping" and the industry that has grown up around it. Hsueh Cheng Yin, a self-described "serial entrepreneur," founded Asmodus, Inc.[1] Asmodus sells vaping products through both its self-titled and "Snow Wolf" brands. It also sells products using the marks "Minkin" and "Helve."

Beginning in 2014, Yin collaborated with Junbiao Ou. The two signed an agreement whereby Ou would provide vaping products to Yin, who in turn would promote and distribute the products. In addition, one of Ou's companies, Shenzhen Sigelei Technology Co., Ltd. ("Sigilei"), was commissioned to manufacture Asmodus' Snow Wolf products. Another of Ou's companies, Shenzhen LSM Technology Ltd. ("Laisimo"), manufactured the second generation of the Snow Wolf products.

But the once mutually beneficial partnership between Yin and Ou eventually turned sour. Plaintiffs allege that Sigilei covertly registered the Snow Wolf trademark, and that Ou and his collection of companies have conspired to manufacture, promote, distribute and sell counterfeit

---

[1] In this order, "Plaintiffs" refers to both Yin and Asmodus.

1
Case No.: 5:16-cv-03305-EJD
ORDER GRANTING DEFENDANT'S MOTION TO CHANGE VENUE

Asmodus, Snow Wolf, Minkin and Helve-branded products.

Plaintiffs initiated the instant action directly in this court on June 15, 2016, and assert trademark, copyright, and additional related claims against Ou, Sigilei, Laisimo and others. One of those other defendants, Global Vaping LLC ("Global Vaping"), now moves to dismiss or transfer this action for improper venue.[2]  Dkt. No. 18.  Plaintiffs oppose the motion.

Federal jurisdiction arises pursuant to 28 U.S.C. § 1331.  The court finds this matter suitable for decision without oral argument and the hearing scheduled for December 8, 2016, is VACATED.  Having carefully reviewed the parties' papers in conjunction with the record,[3] the court finds, concludes and orders as follows:

1. Though neither party mentions it, this motion primarily arises under Federal Rule of Civil Procedure 12(b)(3), which permits a defendant to raise the defense of improper venue. Once the defense is asserted, it is up to the plaintiff show the chosen venue is a proper one. See Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979).  The court need not accept the pleadings as true for a Rule 12(b)(3) motion and may consider facts outside of the pleadings. Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1137 (9th Cir. 2004).  "If the court determines that venue is improper, the court must either dismiss the action or, if it is in the interests of justice, transfer the case to a district or division in which it could have been brought." Cal. Brewing Co. v. 3 Daughters Brewing, LLC, No. 2:15-cv-02278-KJM-CMK, 2016 U.S. Dist. LEXIS 52344, at *5, 2016 WL 1573399 (E.D. Cal. Apr. 19, 2016) (citing 28 U.S.C. § 1406(a); King v. Russell, 963 F.2d 1301, 1304 (9th Cir. 1992)).

2. "When there are multiple parties and/or multiple claims in an action, the plaintiff must establish that venue is proper as to each defendant and as to each claim." Multimin USA, Inc. v. Walco Int'l, Inc., CV F 06-0226 AWI SMS, 2006 U.S. Dist. LEXIS 33624, at *5, 2006 WL 1046964 (E.D. Cal. Apr. 11, 2006).  Plaintiffs' trademark, UCL and common law claims are

---

[2] The motion of other defendants to join in Global Vaping's motion (Dkt. No. 37) is GRANTED.

[3] Because the court does not agree that Plaintiffs were subjected to prejudice by the late filing, their motion to strike Global Vaping's reply (Dkt. No. 35) is DENIED.

2
Case No.: 5:16-cv-03305-EJD
ORDER GRANTING DEFENDANT'S MOTION TO CHANGE VENUE

subject to the general statute for venue, which provides that an action may be brought in "a judicial district in which a substantial part of the events or omissions give rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(2). "In a trademark infringement action, 'a substantial part' of the events giving rise to the claims occur in any district where consumers are likely to be confused by the accused goods, 'whether that occurs solely in one district or in many.'" Adobe Sys. Inc. v. Childers, No. 5:10-cv-03571-JF/HRL 2011 U.S. Dist. LEXIS 14534, at *20-21, 2011 WL 566812 (N.D. Cal. Feb. 14, 2011) (quoting Cottman Transmission Sys. v. Martino, 36 F.3d 291, 295 (3d Cir. 1994)). Consequently, the plaintiff may establish venue by showing "that a substantial number of consumers of plaintiff's [trademarked products] who reside in this district may be confused by defendant's use of the [allegedly infringing] mark." Sutter Home Winery, Inc. v. Madrona Vineyards, L.P., No. C 05-0587 MHP, 2005 U.S. Dist. LEXIS 4581, at *4 n.2, 2005 WL 701599 (N.D. Cal. Mar. 23, 2005).

3. The claim for copyright infringement is subject to a special venue provision. "Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights . . . may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). "The Ninth Circuit interprets this statutory provision to allow venue 'in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state.'" Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1128 (9th Cir. 2010) (quoting Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc., 106 F.3d 284, 289 (9th Cir. 1997)).

4. Plaintiffs' claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq., are also subject to a special venue provision which allows a RICO action in "any district in which such person resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a). These additional provisions "supplement, rather than preempt, general venue statutes." Go-Video, Inc. v. Akai Elec. Co., 885 F.2d 1406, 1409 (9th Cir. 1989).

5. Under this authority, Plaintiffs have not satisfied their burden to demonstrate that

3
Case No.: 5:16-cv-03305-EJD
ORDER GRANTING DEFENDANT'S MOTION TO CHANGE VENUE

the Northern District of California[4] is the proper venue for this action. Looking first at their Amended Complaint, the allegations do not establish that a substantial part of the events underlying the claims occurred here, or that a substantial number of consumers who reside in this district will be confused by the defendants' use of the marks. Similarly, the allegations do not establish that any of the defendants named in the copyright infringement claim are amendable to personal jurisdiction in the Northern District of California, or that any of the defendants named in the RICO claims are found here or transact their affairs here. Indeed, the Amended Complaint shows that all but one party to this case resides outside of this district. Asmodus has its principal place of business in Paramount, California, and Yin resides in Harbor City, California, both of which are located in the Los Angeles area. Ou resides in Rancho Cucamonga, California, and China. Sigelei and Laisimo are Chinese companies with principal places of business in Ontario, California. Global Vaping is a Nevada company, also with a principal place of business in Ontario. The other corporate defendants are Chinese companies, one of which has a principal place of business in Diamond Bar, California.

6. Similarly, the factual allegations underlying Plaintiffs' claims show that none of the events or conduct occurred in the Northern District of California. As summarized above, Plaintiffs' claims are based primarily upon a former business relationship between Yin and Ou, neither of whom are alleged to live or transact business within this district. Instead, the allegations in the amended complaint demonstrate that the relevant domestic events substantially occurred in Southern California, specifically within the Central District of California.

7. Plaintiffs allege that one defendant named in the trademark infringement claims,

---

[4] Global Vaping focuses its argument on the contention that no events related to this action occurred in Santa Clara County. However, unlike state court, federal venue is not tested on a county-by-county basis, but rather on a district-by-district basis. The Northern District of California encompasses several counties along the northwestern portion of the state, and events occurring in any of them could support venue in this district given the way in which trademark and copyright cases are assigned. General Order No. 44, at § D(3) ("Notwithstanding any other provision of the Assignment Plan, the Clerk shall maintain a district-wide system of assignment for . . . trademark cases [and] copyright cases . . . . Venue for cases in these categories shall be proper in any courthouse in this District.").

4
Case No.: 5:16-cv-03305-EJD
ORDER GRANTING DEFENDANT'S MOTION TO CHANGE VENUE

Isaac Walker, resides in Oakland, California, and have submitted a declaration from Yin in which he describes purchasing a Snow Wolf branded "vaping" cigarette from Walker on eBay. But neither Walker's residence within the Northern District of California, nor Yin's purchase are sufficient to demonstrate that venue is properly situated here. Again, Plaintiffs' burden for the trademark infringement claims is to show "that a substantial number of consumers of plaintiff's [trademarked products] who reside in this district may be confused by defendant's use of the [allegedly infringing] mark." Sutter Home Winery, 2005 U.S. Dist. LEXIS 4581, at *4 n.2. The one sale made by Walker to Yin and shipped to Yin's address in Southern California does not equate to the possibility that a substantial amount of consumers located in the Northern District of California will be confused. Moreover, and in any event, "courts have generally held that the mere fact that a website that displays the allegedly infringing mark can be accessed in the district is not sufficient for venue in the absence of sales in the district or other activities aimed at the district." Kaia Foods, Inc. v. Bellafiore, 70 F. Supp. 3d 1178, 1184 (N.D. Cal. 2014). Yin has provided no evidence of sales in this district from Walker or otherwise, and his anecdotal statement that incidences of the defendants' infringement "are coming from all corners of the United States" is too factually insubstantial to support the choice of venue in this district.

8.      Plaintiffs' alternative argument that venue is proper under 28 U.S.C. § 1391(b)(3) is unpersuasive. This fallback venue provision plainly applies only if "there is no district in which an action may otherwise be brought" under § 1391's other provisions. It does not govern here because, as already stated, a substantial portion of the events alleged by Plaintiffs occurred in the Central District of California. That district is therefore an appropriate venue under § 1391(b)(2).

Based on the foregoing, the court finds that this action is improperly venued in the Northern District of California, but that the action could have been brought in Central District of California. Accordingly, rather than dismiss the action, the court will order it transferred to that district. See Amity Rubberized Pen Co. v. Mkt. Quest Grp. Inc., 793 F.3d 991, 996 (9th Cir. 2015) ("[N]ormally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating.").

5
Case No.: 5:16-cv-03305-EJD
ORDER GRANTING DEFENDANT'S MOTION TO CHANGE VENUE

1  Gloval Vaping's Rule 12(b)(3) motion (Dkt. No. 18) is therefore GRANTED.  The Clerk
2  shall TRANSFER this action to the United States District Court for the Central District of
3  California, Eastern Division, and close this court's file.
4  All additional matters calendared before the undersigned are TERMINATED and
5  VACATED and should be re-filed before the newly assigned district judge.

**IT IS SO ORDERED.**

Dated:

_____
EDWARD J. DAVILA
United States District Judge