George G. Braunstein, Esq. (SBN 134602)
        George@braunsteinpc.com
Clark Anthony Braunstein, Esq. (SBN 278023)
        Clark@braunsteinpc.com
Annie Berlin, Esq. (SBN 290508)
        Annie@braunsteinpc.com
**BRAUNSTEIN & BRAUNSTEIN, P.C**.
11755 Wilshire Boulevard, Suite 2140
Los Angeles, California 90025
(310) 914-4999 (Telephone)
(310) 914-4996 (Facsimile)

Attorneys for Defendants and Counterclaimants
Junbiao Ou, Shenzhen Sigelei Technology Co., Ltd.;
Dongguan Shenxi Hardware Electronics Technology Co., LTD,
ACM Supplies LLC, and Global Vaping, LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| ASMODUS, INC., et al.<br><br>                    Plaintiffs,<br><br>        vs.<br><br>JUNBIAO OU, et al.<br>                    Defendants | **Case No: <u>5:16-cv-02511-JGB-DTB</u>**<br>(Assigned to the Hon. Jesus G. Bernal)<br><br>**DEFENDANTS ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM** |
| JUNBIAO OU, an individual; SHENZHEN SIGELEI TECHNOLOGY CO. LTD, a Chinese Company<br><br>                    Counterclaimants,<br><br>        vs.<br><br>HSUEH CHENG YIN, a.k.a. EDDIE YIN, an individual, EILEEN TING FAN, an individual, ASMODUS, INC., a California Corporation; and ROES 1-50.<br><br>                    Counter-defendants. | **JURY TRIAL DEMANDED** |

# ANSWER

Defendants Junbiao Ou ("Ou"), Shenzhen Sigelei Tehcnology Co. LTD ("Sigelei"), ACM SUPPLIES, Inc. ("ACM"), Dongguan Shenxi Hardware Electronics Technology Co., LTD, ("Shenxi"), Global Vaping, LLC ("Global") (collectively "Defendants") hereby answers and responds to the First Amended Complaint filed by Plaintiffs Asmodus, Inc. ("Asmodus") and Hsueh Cheng Yin ("Yin") (Collectively "Plaintiffs"), filed  on August 2, 2016 ("Complaint.) Defendants also demand a trial by jury concerning this matter.

Unless specifically admitted, Defendants denies each and every allegation in the Complaint.

## NATURE OF ACTION

1.      Answering paragraph 1 of the Complaint, Defendants admits that Asmodus a vaporizer distribution company was founded in 2014.  Defendants deny the remaining allegations contained therein.

2.      Answering paragraph 2 of the Complaint, Defendants denies the allegations contained therein.

3.      Answering paragraph 3 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore on that basis denies the allegations.

4.      Answering paragraph 4 of the Complaint, Defendants deny the allegations contained therein.

5.      Answering paragraph 5 of the Complaint, Defendants deny the allegations contained therein.

## JURISDICTION AND VENUE

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

6.      Answering paragraph 6 of the Complaint, Defendants admits that in this action Plaintiffs attempts to assert claims under Lanham Act, 15 USC 1116, 1117 and 1125(a) (d), 17USC 101 et seq. and 18 USC 1964(c) that this Court has federal question jurisdiction over such claims and supplemental jurisdiction over the California state law claims, but Defendants denies the substance of all alleged claims.

7.      Answering paragraph 7 of the Complaint, because this action has been transferred since the Complaint was filed, Defendants denies that the allegations contained in paragraph 7 need to be responded to, and on that basis denies them.

## PARTIES

8.      Answering paragraph 8 of the Complaint, Defendants admit the allegations contained therein.

9.      Answering paragraph 9 of the Complaint, Defendants admit the allegations contained therein.

10.      Answering paragraph 10 of the Complaint, Defendants admit that Ou is an individual residing, both in Rancho Cucamonga, California and California. Defendant admits that he is a shareholder and Chairman of Sigelei, and Shenxi. Defendants deny the remaining allegations contained therein.

11.      Answering paragraph 11 of the Complaint, Defendants admits that Sigelei is a Chinese company and that Ou is a shareholder. Defendants deny the remaining allegations contained therein.

12.      Answering paragraph 12 of the Complaint, Defendants admit that Shenxi is a Chinese Company having its principle place of business in Shenzhen China.  Defendants admit that Ou is a shareholder and chairman of Shenxi. Defendants deny the remaining allegations contained therein.

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

13.     Answering paragraph 13 of the Complaint, Defendants admit that Wehe is a Chinese company having its principal place of business in Shenzhen, China.  Defendants admit that Wehe is owned by Ou's sister.  Defendants deny the remaining allegations contained therein.

14.     Answering paragraph 14 of the Complaint, Defendants admit that Laisimo is a Chinese company.  Defendants deny the remaining allegations contained therein.

15.     Answering paragraph 15 of the Complaint, Defendants admit that ACM is an entity having its principal place of business in Diamond Bar California. Defendants deny the remaining allegations contained therein.

16.     Answering paragraph 16 of the Complaint, Defendants admit the allegations contained therein.

17.     Answering paragraph 17 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore on that basis denies the allegations.

18.     Answering paragraph 18 of the Complaint, Defendants deny all allegations contained therein.

19.     Answering paragraph 19 of the Complaint, Defendants deny all allegations contained therein.

20.     Answering paragraph 20 of the Complaint, Defendants deny all allegations contained therein.

## FACTUAL ALLEGATIONS

### Asmodus' Business and Trademarks

21.     Answering paragraph 21 of the Complaint, Defendants admit that since 2013, Yin has been a principal of a vaporizer shop in Gardena California that sold and distributed various vaping

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

products.  Defendants admit that Asmodus, Inc. was incorporated in 2014.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained therein, and therefore on that basis denies the remaining allegations.

22.     Answering paragraph 22 of the Complaint Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore on that basis denies the allegations.

23.     Answering paragraph 23 of the Complaint, Defendants admit that Yin appears in the United States Patent and Trademark Office records as the owner of the US Trademark Registration for ASMODUS word mark, No. 86,258,257.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained therein, and therefore on that basis denies the allegations deny the remaining allegations contained therein.

24.     Answering paragraph 24 of the Complaint, Defendants admits that a United States Patent and Trademark office issued a trademark registration for ASMODUS design mark, No. 86,271,771.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained therein, and therefore on that basis denies the allegations.

25.     Answering paragraph 25 of the Complaint, Defendants admits that the United States Copyright Office issued a copyright registration of ASMODUS design, No. VA 1-908-593 in 2014.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained therein, and therefore on that basis denies the allegations.

26.     Answering paragraph 26 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore on that basis denies the allegations.

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

27.     Answering paragraph 27 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore on that basis denies the allegations.

28.     Answering paragraph 28 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore on that basis denies the allegations.

29.     Answering paragraph 29 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore on that basis denies the allegations.

30.     Answering paragraph 30 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore on that basis denies the allegations.

31.     Answering paragraph 31 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore on that basis denies the allegations.

32.     Answering paragraph 32 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore on that basis denies the allegations.

33.     Answering paragraph 33 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore on that basis denies the allegations.

**Collaboration Between Asmodus and IPV**

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

34.     Answering paragraph 34 of the Complaint, Defendants admit that Yin and Ou met at a convention in Las Vegas around March 2014.  Defendants admit that Yin represented to Ou that Yin had much experience in start-ups and had successfully established several business in the United States, and that Yin was preparing to establish a new start up for Vaporizers. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained therein, and therefore on that basis denies the allegations.

35.     Answering paragraph 35 of the Complaint, Defendants admit that on or about March 25, 2014, Yin and Ou agreed that collaboration would be mutually beneficial.  Defendants admit that Yin and Ou signed an agreement that Ou would provide Yin with IPV Vaping products, and, in exchange, Yin would promote IPV and distribute IPV Products, including its PIONEER4YOU brand.  Defendants deny the remaining allegations contained in this paragraph.

36.     Answering paragraph 36 of the Complaint, Defendants admit that Asmodus, Inc. was incorporated in 2014 and that Asmodus, Inc. sold IPV products.  Defendants deny the remaining allegations contained therein.

37.     Answering paragraph 37 of the Complaint, Defendants deny all the allegations contained therein.

38.     Answering paragraph 38 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore on that basis denies the allegations.

39.     Answering paragraph 39 of the Complaint, Defendants deny all the allegations contained in this paragraph.

40.     Answering paragraph 40 of the Complaint, Defendants deny all the allegations contained in this paragraph.

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

**Collaboration Between Asmodus and Sigelei**

41.     Answering paragraph 41 of the Complaint, Defendants deny all the allegations contained in this paragraph.

42.     Answering paragraph 42 of the Complaint, Defendants admit that that Asmodus agreed to serve as Sigelei's US warranty and service center for Sigelei's products. Defendants deny the remaining allegations contained in this paragraph.

43.     Answering paragraph 43 of the Complaint, Defendants admit Snow Wolf vaporizer was manufactured by Lasimo.  Defendants deny all the remaining allegations contained in this paragraph.

44.     Answering paragraph 44 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore on that basis denies the allegations.

45.     Answering paragraph 45 of the Complaint, Defendants admit that Sigelei applied for a word mark in Snow Wolf with the USPTO on or about July 2, 2014. Defendants admit that Sigelei trademark in Snow Wolf was issued by February 23, 2015.  Defendants admit that the Law Offices of Bin Li and its attorneys represented Sigelei. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore on that basis denies the allegations..

46.     Answering paragraph 46 of the Complaint, Defendants deny the allegations contained therein.

47.     Answering paragraph 47 of the Complaint, Defendants deny the allegations contained therein.

**Ou and his Alter Ego Companies Terminated Collaboration with Asmodus**

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

48.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore on that basis denies the allegations.

49.     Answering paragraph 49 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore on that basis denies the allegations.

50.     Answering paragraph 50 of the Complaint, Defendants deny the allegations contained in this paragraph.

51.     Answering paragraph 51 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore on that basis denies the allegations.

**<u>Defendants Ou And Alter Ego Companies' Counterfeiting</u>**

52.     Answering paragraph 52 of the Complaint, Defendants deny the allegations contained therein.

53.     Answering paragraph 53 of the Complaint, Defendants admit that Ou purchased an office and warehouse located at 1500 S. Milliken Ave, Unit 5. CA 91761. Defendants admit that the websites www.Sigelei.com and www.ACMvape.com list the Milliken Warehouse as it main office and warehouse.   Defendants admit that Global Vaping LLC is Sigelei's warranty center for its products. Defendants deny the remaining allegations contained in this paragraph.

54.     Answering paragraph 54 of the Complaint, Defendants deny the allegations contained in this paragraph.

55.     Answering paragraph 55 of the Complaint, Defendants deny the allegations contained therein.

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

56.     Answering paragraph 56 of the Complaint, Defendants deny the allegations contained therein.

57.     Answering paragraph 57 of the Complaint, Defendants deny the allegations contained therein.

58.     Answering paragraph 58 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore on that basis denies the allegations.

59.     Answering paragraph 59 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore on that basis denies the allegations.

60.     Answering paragraph 60 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore on that basis denies the allegations.

61.     Answering paragraph 61 of the Complaint, Defendants admit that Sigelei has sold 90w Snow Wolf Electric vaporizer through third parties. Defendants deny the remaining allegations contained therein.

62.     Answering paragraph 62 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore on that basis denies the allegations..

63.     Answering paragraph 63 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore on that basis denies the allegations.

64.     Answering paragraph 64 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore on that basis denies the allegations.

65.     Answering paragraph 65 of the Complaint, Defendants deny the allegations contained therein.

66.     Answering paragraph 66 of the Complaint, Defendants deny the allegations contained therein.

67.     Answering paragraph 67 of the Complaint, Defendants deny the allegations contained therein.

68.     Answering paragraph 68 of the Complaint, Defendants deny all the allegations contained therein.

69.     Answering paragraph 69 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore on that basis denies the allegations..

### Defendants' Exploitation of Plaintiff's Marks

70.     Answering paragraph 70 of the Complaint, Defendants, deny the allegations contained therein.

71.     Answering paragraph 71 of the Complaint, Defendants admit the allegations contained therein.

72.     Answering paragraph 72 of the Complaint, Defendants deny the allegations contained therein.

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

73.     Answering paragraph 73 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore on that basis denies the allegations.

74.     Answering paragraph 74 of the Complaint, Defendants deny the allegations contained therein.

**Defendant Ou' Breach of Oral Contract**

75.     Answering paragraph 75 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore on that basis denies the allegations.

76.     Answering paragraph 76 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore on that basis denies the allegations.

77.     Answering paragraph 77 of the Complaint, Defendants deny the allegations.

**Defendants' Resellers' Infringement of Plaintiffs' Trademark**

78.     Answering paragraph 78 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore on that basis denies the allegations.

79.     Answering paragraph 79 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore on that basis denies the allegations.

80.     Answering paragraph 80 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore on that basis denies the allegations.

**FIRST CLAIM FOR RELIEF**

**(Statutory Trademark Infringement Against Defendants Ou and Alter Ego Companies)**

**(15 U.S.C. §1114)**

81.     Defendants incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

82.     Answering paragraph 82 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore on that basis denies the allegations.

83.     Paragraph 83 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

84.     Paragraph 84 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

85.     Paragraph 85 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

86.     Paragraph 86 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

87.     Paragraph 87 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

88.     Paragraph 88 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

89.     Paragraph 89 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

90.     Paragraph 90 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

## SECOND CLAIM FOR RELIEF

## (Common Law Trademark Infringement of the SNOW WOLF Trademarks  against Defendants Ou and Alter Ego Companies)

91.     Defendants incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

92.     Paragraph 92 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein

93.     Paragraph 93 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

94.     Paragraph 94 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

95.     Paragraph 95 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

96.     Paragraph 96 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

97.     Paragraph 97 of the Complaint, constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

98.     Paragraph 98 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

\\

\\

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

**THIRD CLAIM FOR RELIEF**

**(Common Law Trademark Infringement of the MINIKIN Trademarks  against Defendants Ou and Alter Ego Companies)**

99.     Defendants incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

100.     Paragraph 100 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

101.     Paragraph 101 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein

102.     Paragraph 102 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

103.     Paragraph 103 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

104.     Paragraph 104 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

105.     Paragraph 105 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

**FOURTH CLAIM FOR RELIEF**

**(Common Law Trademark Infringement of the HELVE Trademarks against Defendants Ou and Alter Ego Companies)**

106.     Defendants incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

107.    Paragraph 107 of the Complaint, constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

108.    Paragraph 108 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein

109.    Paragraph 109 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

110.    Paragraph 110 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

111.    Paragraph 111 of the Complaint, constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

112.    Paragraph 112 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

113.    Paragraph 113 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

## FIFTH CLAIM FOR RELIEF

### (Trademark Cancellation Against Defendant Sigelei)

114.    Defendants incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

115.    Paragraph 115 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

116.    Answering paragraph 116 of the Complaint, Defendants admit the allegations contained therein.

117.    Answering paragraph 117 of the Complaint, Defendants deny the allegations contained therein.

118.    Paragraph 118 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

## SIXTH CLAIM FOR RELIEF

## (Lanham Act Section 43(a) Violation against Defendants Ou and Alter Ego Companies)

## (15 U.S.C. 1125(a)

119.    Defendants incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

120.    Paragraph 120 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

121.    Paragraph 121 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

122.    Paragraph 122 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

123.    Paragraph 123 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

124.    Paragraph 124 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

125.    Paragraph 125 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

126.    Paragraph 126 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

127.     Paragraph 127 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

128.     Paragraph 128 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

## SEVENTH CLAIM FOR RELIEF

### (Copyright Infringement against Defendants Ou and Alter Ego Companies)

129.     Defendants incorporates its responses to each and every allegation contained above with the same force and effect as it fully set forth herein.

130.     Paragraph 130 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

131.     Paragraph 131 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

132.     Paragraph 132 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

133.     Paragraph 133 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

134.     Paragraph 134 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

135.     Paragraph 135 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

\\

\\

\\

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EIGHT CLAIM FOR RELIEF**

**(Trade Libel against Defendants Ou and Alter Ego Companies)**

136.    Defendants incorporates its responses to each and every allegation contained above with the same force and effect as it fully set forth herein.

137.    Answering paragraph 137 of the Complaint, Defendants deny the allegations contained therein.

138.    Paragraph 138 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

139.    Paragraph 139 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

140.    Paragraph 140 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

141.    Paragraph 141 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

**NINTH CLAIM FOR RELIEF**

**(California Statutory Unfair Competition against Defendants Ou and Alter Ego Companies)**

142.    Defendants incorporates its responses to each and every allegation contained above with the same force and effect as it fully set forth herein.

143.    Paragraph 143 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

144.    Paragraph 144 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

145.     Paragraph 145 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

146.     Paragraph 146 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

147.     Paragraph 147 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

148.     Paragraph 148 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

## TENTH CLAIM FOR RELIEF

### (California Common Law Unfair Competition Against Defendants Ou and Alter Ego Companies)

149.     Defendants incorporates its responses to each and every allegation contained above with the same force and effect as it fully set forth herein.

150.     Paragraph 150 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

151.     Paragraph 151 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

152.     Paragraph 152 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

## ELEVENTH CLAIM FOR RELIEF

### (Breach of Oral Contract Against Ou, Sigelei and Laisimo)

153.     Defendants incorporates its responses to each and every allegation contained above with the same force and effect as it fully set forth herein.

154.     Paragraph 154 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

155.     Paragraph 155 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

156.     Paragraph 156 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

## TWELFTH CLAIM FOR RELIEF

### (Fraud against Defendants Ou, Sigelei and Laisimo)

157.     Defendants incorporates its responses to each and every allegation contained above with the same force and effect as it fully set forth herein.

158.     Paragraph 158 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

159.     Paragraph 159 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

160.     Paragraph 160 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

161.     Paragraph 161 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

162.     Paragraph 162 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

\\

\\

\\

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

### THIRTEENTH CLAIM FOR RELIEF

### (Fraudulent Misrepresentation by Plaintiffs against Defendants Ou, Sigelei and Lasimo)

163.    Defendants incorporates its responses to each and every allegation contained above with the same force and effect as it fully set forth herein.

164.    Paragraph 164 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

165.    Paragraph 165 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

166.    Paragraph 166 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

167.    Paragraph 167 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

### FOURTEENTH CLAIM FOR RELIEF

### (Negligent Misrepresentation Against Defendants Ou, Sigelei, and Laisimo)

168.    Defendants incorporates its responses to each and every allegation contained above with the same force and effect as it fully set forth herein.

169.    Paragraph 169 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

170.    Paragraph 170 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

\\

\\

\\

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

## FIFTEENTH CLAIM FOR RELIEF

### (Violation of the Racketeer Influence and Corrupt Organization Act against Defendants Ou and Alter Ego Companies)

### (18 USC §§1962(c and 1964(c))

171.     Defendants incorporates its responses to each and every allegation contained above with the same force and effect as it fully set forth herein.

172.     Paragraph 172 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

173.     Paragraph 173 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

174.     Paragraph 174 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

## SIXTEENTH CLAIM FOR RELIEF

### (Conspiracy to Violation of the Racketeer Influence and Corrupt Organization Act against Defendants Ou and Alter Ego Companies)

### (18 USC §§1962(d) and 1964(c))

175.     Defendants incorporates its responses to each and every allegation contained above with the same force and effect as it fully set forth herein.

176.     Paragraph 176 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

177.     Paragraph 177 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

178.    Paragraph 178 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

## SEVENTEENTH CLAIM FOR RELIEF

### (Unjust Enrichment against Defendants Ou and Alter Ego Companies)

179.    Defendants incorporates its responses to each and every allegation contained above with the same force and effect as it fully set forth herein.

180.    Paragraph 180 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

## EIGHTEENTH CLAIM FOR RELIEF

### (Breach of Oral Contract against Defendants Ou and Alter Ego Companies)

181.    Defendants incorporates its responses to each and every allegation contained above with the same force and effect as it fully set forth herein.

182.    Paragraph 182 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

183.    Paragraph 183 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

184.    Answering Paragraph 184 of the Complaint, Defendants deny the allegations contained therein.

185.    Paragraph 185 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

\\

\\

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NINETEENTH CLAIM FOR RELIEF

### (Fraud against Defendants Ou)

186.    Defendants incorporates its responses to each and every allegation contained above with the same force and effect as it fully set forth herein.

187.    Paragraph 187 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

188.    Paragraph 188 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

189.    Paragraph 189 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

190.    Paragraph 190 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

191.    Paragraph 191 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

192.    Paragraph 192 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

## TWENTIETH CLAIM FOR RELIEF

### (Fraudulent Misrepresentation against Defendant Ou)

193.    Defendants incorporates its responses to each and every allegation contained above with the same force and effect as it fully set forth herein.

194.    Paragraph 194 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

195.     Paragraph 195 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

196.     Paragraph 196 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

197.     Paragraph 197 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

## TWENTY-FIRST CLAIM FOR RELIEF

### (Negligent Misrepresentation against Defendant Ou)

198.     Defendants incorporates its responses to each and every allegation contained above with the same force and effect as it fully set forth herein.

199.     Paragraph 198 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

200.     Paragraph 200 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

201.     Paragraph 201 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

## TWENTY-SECOND CLAIM FOR RELIEF

### (Statutory Trademark Infringement against Defendant Walker)

202.     Defendants incorporates its responses to each and every allegation contained above with the same force and effect as it fully set forth herein.

203.     Paragraph 203 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

204.     Paragraph 204 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

205.     Paragraph 205 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

206.     Paragraph 206 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

207.     Paragraph 207 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

208.     Paragraph 208 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

## TWENTY-THIRD CLAIM FOR RELIEF

### (Common Law Trademark Infringement against Defendant Walker)

209.     Defendants incorporates its responses to each and every allegation contained above with the same force and effect as it fully set forth herein.

210.     Paragraph 210 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

211.     Paragraph 211 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

212.     Paragraph 212 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

213.     Paragraph 213 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

214.     Paragraph 214 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

215.     Paragraph 215 of the Complaint constitutes legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

### PRAYER FOR RELIEF

216.     The Prayer For Relief constitutes legal conclusions to which no response is required, to the extent a response is required, Defendants deny that Plaintiffs are entitled to any relief on any of their claims in this action.

### FURTHER ANSWER AND AFFIRMATIVE DEFENSES

217.     By pleading the following defenses, Defendants do not concede that Defendants bear the burden of proof on any issue raised through the pleadings.

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

218.     Each and every claim as stated in the Complaint, in whole or in party, fails to state a claim for which relief can be granted against any of the Defendants.

### SECOND AFFIRMATIVE DEFENSE

**(Laches)**

219.     Each and every claim asserted in the Complaint is barred, in whole or in part, by the equitable doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

**(Unclean Hands)**

220.     Each and every Claim asserted in the Complaint is barred, in whole or in part, by the equitable doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

221.    Each and every claim asserted in the Complaint is barred, in whole or in part, by the equitable doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

### (Negligence)

222.    If Plaintiff suffered any damage, part of said damage was proximately caused or contributed to by the negligence of the Plaintiff.  Therefore, Plaintiff's recovery, if any, must be reduced or eliminated accordingly.

## SIXTH AFFIRMATIVE DEFENSE

### (No Breach of Duty by Defendants)

223.    Defendants have not breached any duty, contractual or otherwise, owed to Plaintiffs.

## SEVENTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

224.    Defendants allege that Plaintiff is equitably estopped from asserting each and all of its purported causes of action in the Complaint by reason of the acts, the omissions and conduct of Plaintiff, upon which Defendants have relied to their prejudice and detriment.

## EIGHTH AFFIRMATIVE DEFENSE

### (Parol Evidence)

225.    Each and every cause of action asserted in the Complaint is barred, in whole or in part, by the doctrine of parol evidence.

### NINTH AFFIRMATIVE DEFENSE

**(Lack of Causation)**

226.     Plaintiff has suffered no injury or damages as a result of any breach or fault by Defendants, and therefore Plaintiff is barred from asserting any cause of action against Defendants.

### TENTH AFFIRMATIVE DEFENSE

**(Equitable Indemnity)**

227.     Other parties or entities, unrelated to Defendants, whether or not parties to this action, proximately caused the damages, if any, alleged in the Complaint.  Should any damages be awarded, they must be apportioned among all such other persons or entities.

### ELEVENTH AFFIRMATIVE DEFENSE

**(Lack of Standing)**

228.     Plaintiffs lacks standing to assert the claims set forth in the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

**(Intervening Independent Cause)**

229.     Any and all violations alleged in the Complaint, including any and all injuries and damages to any individual alleged therein, were the result of superseding or intervening causes arising from the acts or omissions of parties which Defendants neither controlled nor had the legal right to control, and thus, any violations, losses, injuries or damages were not proximately  caused by any act, omission or other conduct of Defendants.

### THIRTEENTH AFFIRMATIVE DEFENSE

**(Comparative Fault/Liability of Third Parties)**

230.     Plaintiff and other third parties unrelated to Defendants have acted in bad faith, and by their conduct, have contributed to the damages, if any, suffered by Plaintiff such that Plaintiff's right to recovery, if any, should be reduced by that amount which the negligence, bad faith and fault of persons and entities other than Defendants, including Plaintiff, contributed to any damage.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Privity of Contract)

231.     Plaintiff is barred from claiming or recovering any damages or other relief on the grounds that Defendants are not parties to the contracts.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

232.     Plaintiff had and continues to have the ability and opportunity to mitigate any damages alleged with respect to the subject matter of this litigation, and has failed and refused to mitigate the alleged damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Proximate Causation by Unrelated Third Parties)

233.     Other parties or entities, unrelated to Defendants, whether or not parties to this litigation, proximately caused the damages, if any, alleged by Plaintiff.  Should any damages be awarded, they must be apportioned among all such other persons or entities.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Material Breach of Party Seeking Relief)

234.     Plaintiff is not entitled to the relief sought by the Complaint, as Plaintiff is in material breach of its obligations under the alleged contracts.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Bad Faith)

235.     Plaintiff and other third parties unrelated to Defendants have acted in bad faith, and by their conduct, have contributed to the damages, if any, suffered by Plaintiff such that Plaintiff's right to recovery, if any, should be reduced by that amount which the negligence, bad faith and fault of persons and entities other than Defendants, including Plaintiff, contributed to any damage.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

236.     Each and every claim asserted in the Complaint is barred, in whole or in part, as against Defendants by the applicable statutes of limitations, including but not limited to California Code of Civil Procedure, section 337, 338, 339, 340, 343 and Cal. Commercial Code section 6110.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Lack of Condition Precedent)

237.     Plaintiff is not entitled to the relief sought in this Complaint, due to the failure of a necessary condition precedent which bars recovery under the claims asserted herein.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Condition Subsequent)

238.     Plaintiff is not entitled to the relief sought in this Complaint, due to the occurrence of a condition subsequent which bars any right to recovery under the claims asserted herein.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Consent)

239.    Plaintiffs consented to the alleged actions, if any, that occurred and is hereby barred from recovery, in whole or in part, with respect to any of the claims alleged in the Complaint.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No Damage or Injury)

240.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered any cognizable injury or damages.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Complaint Uncertain)

241.    Plaintiffs' Complaint is uncertain.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Misrepresentations by Plaintiff)

242.    The Complaint and each and every purported claim contained therein are barred, in whole or in part, because of Plaintiffs' failure to disclose material facts, or because of Plaintiffs' misstatements and/or concealment of material facts to Defendants.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Statute of Frauds)

243.    The Complaint and each and every purported Claim contained therein are barred, in whole or in part, by the Statute of Frauds.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (FAIR USE)

244.    Plaintiffs' Claims are bared, in whole or in part, by the doctrine of failr use, nominative fair use and/or descriptive fair use.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (First Sale Doctrine)

245.   The claims made in the Complaint are barred, in whole or in part, by the first sale doctrine

### TWENTY NINTH AFFIRMATIVE DEFENSE

### (Functionality)

246.   The claims made in the Complaint are barred, in whole or in part, by on the basis that any marks, copyrights and use of marks and/or use of copyrights at issue are functional.

### THIRTIETH AFFIRMATIVE DEFENSE

### (Innocent Infringement)

247.   The claims made in the Complaint are barred, in whole or in part, because any infringement, if any, was innocent.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Non-Infringement)

248.   Defendants have not infringed any applicable trademarks or copyrights under federal or state law.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Fraud)

249.   The claims made in the Complaint are barred, in whole or in part, by fraud on the United States Patent & Trademark Office and on the United States Copyright Office.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

### (First Amendment)

250.   The claims made in the Complaint are barred, in whole or in part, by the First Amendment of the Constitution of the United States.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Duplicative Claims)

251.   Without admitting that the Complaint states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims against Defendants or other for any alleged single wrong.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Third Party Use)

252.   The claims made in the Complaint are barred, in whole or in part, by reason of other parties use of any mark at issue.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Failure to Register)

253.   Plaintiffs failed to obtain valid copyright registrations, failed to properly or timely register their works, failed to properly renew their registrations, and/or failed to comply with other statutory requirements or formalities.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Invalidity of Unenforceability of Copyright)

254.   Plaintiffs' claims are barred because their copyrights are invalid and/or unenforceable.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Misuse of Copyright)

255.   Plaintiffs' claims are barred by the doctrine of misuse of copyright.

\\

\\

\\

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Forfeiture or Abandonment)

256.    Plaintiffs claims are barred, in whole or in part, by doctrine of forfeiture or abandonement.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Preemption)

257.    Plaintiffs' claims are bared, in whole or in part, by Federal Preemption.

## FORTIETH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

258.    Defendants alleges that no punitive or exemplary damages should be awarded arising out of the claims made in the Complaint under the law of the United States and California because: (i) an award of punitive or exemplary damages would be unconstitutional under the United States and California Constitution, specifically, the First Amendment of the United States Constitution and Article I, Section 2 of the Californian Constitution; (ii) any recovery of punitive or exemplary damages arising out of the claims made in the Complaint would constitute the imposition of a criminal fine or penalty without substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by Article I, Section 7 of the California Constitution; (iii) the imposition of any punitive or exemplary damages in this lawsuit would constitute an excessive fine or penalty under Article I, Section 17 of the California Constitution; (iv) any such award is precluded or limited pursuant to Section 3294 of the California Civil Code or the United States Constitution and the due process Clause; and (v) punitive damages would violate the United States and California Constitution and common law because such award is based from procedures that are vague, open ended

unbound in discretion, arbitrary without sufficient constraints or protection against arbitrary and excessive awards.

## ADDITIONAL DEFENSES

259.    Defendants hereby give notice that it intends to rely upon any other defenses that may become available or appear during the discovery proceedings in this case, and hereby reserves the right to amend its answer to assert any such additional defenses.

WHEREFORE, having fully answered or otherwise responded to the allegations contained in the Complaint, Defendants prays for relief as follows:

1.    That Plaintiffs take nothing by reason of the First Amended Complaint;

2.    That the First Amended Complaint be dismissed, in its entirety, with prejudice;

3.    Defendants be dismissed from this action;

4.    That Defendants recover their costs of suit to the maximum extent permitted by law, including but not limited to their expenses and attorney's fees;

5.    That Defendants recover their attorneys' fees incurred herein as provided by law; and

6.    For such other and further relief as this Court believes just and proper.

## COUNTERCLAIM

Defendants and Counterclaimants Junbiao Ou ("Ou") and Sigelei Technology Co., LTD, ("Sigelei") (Collectively "Counterclaimants") hereby assert the following counterclaim against Plaintiffs and Counter-defendants Asmodus, Inc. ("Asmodus"), Hsueh Cheng Yin, a.k.a. Eddie yin ("Yin"), Eileen Ting Fan ("Fan") and Roes 1-50 (Collectively "Counter-defendants") as follows:

## PARTIES

1.      Counter-claimant Junbiao Ou ("Ou") is an individual who resides in Rancho Cucamonga, California and in Chin.

2.      Counter-claimant Shenzhen Sigelei Technology Co., Ltd., ("Sigelei") is a Chinese company with its principal place of business in China.  It is one of the biggest electronic cigarettes companies in China.

3.      Counter-defendant, Hsueh Cheng Yin ("Yin") is an individual who resides in Harbor City, California.  Yin also goes by the alias of Eddie Yin.

4.      Counter-defendant, Eileen Ting Fan ("Fan") is Counter-defendant Yin's wife and business partner who resides in Harbor City California.

## JURISDICTION AND VENUE

5.      Counterclaimants bring counterclaims for a declaratory judgment pursuant to 28 U.S.C. § 2201 to declare that they do not violate Counter-Defendants' rights under federal and California law. Counterclaimants further counterclaim to cancel or restrict Counter-defendants' Trademark Registration pursuant to 15 U.S.C. § 1119.

6.      The Court has subject matter over the federal counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a) and over the state-law counterclaims pursuant to 28 U.S.C. §§ 1367 and 1338(b).

7.      The Court has personal jurisdiction over the parties because some or all of them reside

in this state and because all Counter-defendants conduct continuous, systematic, and routine business within this state and judicial district.

8.      Venue is proper in this judicial district under 28 U.S.C. § 1391 because one or more Counter-defendants reside in this district and a substantial part of the events giving rise to the claim occurred or will occur in this district.

## NATURE OF ACTION

9.      Ou is the majority shareholder of Sigelei, the biggest electronic cigarette company in China.

10.     Beginning in 2013, Sigelei independently created and developed the trademarks SNOWWOLF and the Snow Wolf wolfhead design ("Snowwolf Wolfhead Design") used on a series of new developed products associated with electronic cigarettes.   Attached hereto as Exhibit A and incorporated by reference is a true and correct copy of the Snowwolf Wolfhead Design created by Sigelei.

11.     In November 2013, Sigelei submitted an application to the Chinese Trademark Authority to register the trademark in the word mark "SNOW WOLF" for use with electronic cigarettes in China, Registration No. 13639011. Attached hereto and incorporated by reference as Exhibit B is a copy of the Trademark Registration Application Status Report for Snow Wolf dated November 29, 2013. Attached hereto and incorporated by reference as Exhibit C is a  copy of the English Translation of the Trademark Registration Application for Snow Wolf dated November 29, 2013.

12.     In order to protect its trademark in the Snow Wolf products in the United States, Sigelei registered the trademark SNOWWOLF with USPTO on February 24, 2015 with registration No. 4,691,744. Attached hereto and incorporated by reference as Exhibit D is a true and correct copy of the

United States Patent and Trademark Office Trademark Registration for SNOWWOLF, Reg. No. 4,691,744.

13.     In March, 2014, Ou met Yin while attending an electronic cigarettes trade show in Las Vegas, Nevada.

14.     At the meeting in March 2014, Ou informed Yin that he was searching for a post-sale customer service center for Sigelei electronic cigarette products, including the Fat Snow Wolf.

15.     In response, Yin proposed the following joint venture,  Yin and Ou would create a new company that would provide after-market customer service for Sigelei products and would distribute Sigelei products in the United States.  Yin stated that Ou would be a 49% shareholder in this company and Yin would be a 51% shareholder.  Yin would manage the day to day operations of this new company, and Ou would provide discounted Sigelei products to the new company.

16.     After the trade show ended in March 2014, Yin invited Ou to his storefront, Vapor Range located at 15210 S Western Ave, Gardena, CA 90249.

17.     To further convince Ou that Yin had the financial capability and know how to accomplish their joint venture, Yin and his Fan provided Ou with their bank statements showing then current balance of  $850,000.00 in their bank accounts.

18.     In order to persuade Ou to accept this proposed Joint Venture, Yin and Fan repeatedly represented to Ou that Yin had extensive experience in the marketing, promotion and sales in the U.S. market by claiming that he used to be the No. 1 salesman in the toy industry in U.S. as the distributor of a giant Japanese toy company.

19.     In April 2014, relying on Yin's representations, and promises, Ou decided to enter into a joint venture with Yin and create a new company to serve as a distribution and warranty center called Asmodus, Inc., a California corporation ("Asmodus").

20.     At the time of incorporation, Yin told Ou he owned 49% of Asmodus's stock and that he was the Chief Financial Officer.

21.     In 2014, Fan asked for Ou's passport to make copies and informed Ou that this is for the purpose of the incorporation and the ownership documents preparation of Asmodus.

22.     Fan and Yin sent Ou a picture of a statement of information for Asmodus filed with California Secretary of State and dated October 17, 2014 and other documents written in English and Yin and Fan told Ou that these documents proved his 49% ownership of Asmodus. Attached hereto and incorporated by reference as as Exhibit E a copy of the Statement of Information for Asmodus, Inc. sent to Mr. Ou by Mr. Yin dated October 17, 2014.

23.     Relying on these representations, Ou instructed Sigelei to started to supply Asmodus with discounted Sigelei products for distribution in the United States and granted Yin and Asmodus a two million dollar line of credit for Sigelei products based on Ou's understanding that he owned 49% of Asmodus.

24.     During the Joint venture, whenever Ou would visit the Asmodus warehouse, Yin and Fan instructed the employees to call him "Boss".

25.     After experiencing the initial success, Yin proposed that Asmodus sell products with ASMODUS brand logo, and requested the help from Ou for Sigelei to design, develop, manufacture an electronic cigarette for distribution with the ASMODUS brand logo.

26.     Given Yin had always kept representing and confirming that Ou was a shareholder of Asmodus, Ou agreed to help to develop the ASMODUS logo, believing this brand development will benefit Ou ultimately as the shareholder of Asmodus.

27.     Prior to Ou's involvement with Yin, he had already been selling a electronic cigarette mod with a spoke and wheel design logo.  Ou suggested that they alter the Sigelei Spoke and Whele

logo design to visualize the word ASMODUS ("ASMODUS LOGO").  The wheel design contains the meaning that if Sigelei is a giant vehicle, Asmodus is the wheel of Sigelei to help Sigelei explore the market in U.S. by providing the distribution and warranty supports.  Without obtaining Ou's permission and even notifying Ou, Yin fraudulently registered the trademark and copyright of ASMODUS LOGO under his own name.

28.    With the same belief as Ou held in the development of ASMODUS Logo design, Ou agreed to help Yin and Asmodus develop the product with new trademark MINIKIN in April 2015, the booming season of electronic cigarettes.  In an effort to expand the sales of these new products, upon the request of Yin and Asmodus, Ou agreed to co-brand the product by printing both Sigelei's trademarks and Asmodus' logo on the package of new products.

29.    In January 2, 2016, Ou was planning to take Sigelei public and be listed on the security exchange in China, and needed his ownership in the US company Asmodus to be majority.

30.    Shortly thereafter, Ou informed Yin that he needs to purchase 2% of the shares of Asmodus from Yin.  Yin agreed to sell 2% of the total outstanding shares to Ou and presented a share purchase agreement to implement such transfer.  Pursuant to such share transfer, Ou's ownership in Asmodus was increased from 49% to 51% by purchasing the 2000 shares.

31.    In 2016, Ou meet with Yin and Fan in the United States to ask for copies of the corporate documents of Asmodus in order to assist with the process of Sigelei going public in China. Yin and Fan informed Ou that he had no ownership in Asmodus.

32.    On or about April 22, 2016, without informing Sigelei, Asmodus, Inc. filed a trademark Registration for the use of the Design of the Snow Wolf wolfhead design with the United States Patent and Trademark Office.

33.    On December 20, 2016, the USPTO granted the Asmodus trademark in the SnowWolf

Wolfhead Design, Registration No. 5,104,116.  Attached hereto and incorporated by reference as Exhibit F is a copy of the United States Trade Mark Registration, Reg. No. 5,104,116.

## FIRST COUNTERCLAIM

### (Fraud)

### (Ou Against Asmodus, Yin and Fan)

34.    Counterclaimants repeat, reallege and incorporate by reference each and every allegation set forth in the preceding Paragraphs, inclusive, of this Counterclaim as though fully set forth at this place.

35.    On or about March 2014, Counter-defendants induce Counterclaimants to enter into an agreement with Yin, Fan and Asmodus, and to supply discounted Sigelei products to Counter-defendants, Counter-defendants made material misrepresentations, omitted material facts necessary to make statements not misleading, and/or promises that they did not intend to perform to the Counterclaimants regarding Ou ownership in Asmodus, Inc.

36.    Specifically, in 2014, Yin and Fan, stated on numerous occasions to Ou that Ou was a 49% shareholder of Asmodus, Inc.  Further, in 2014, Yin and Fan, stated that Ou was the Chief Financial Officer of Asmodus, Inc. Additionally, Yin instructed the employees of Asmodus, Inc. to refer to Ou as "Boss" whenever Ou visited the Asmodus, Inc. warehouse.

37.    At the time that Counter-defendants made these statements to Ou, Counter-defendants had no intention to perform by giving Counterclaimants his 49% shareholder status in Asmodus, Inc.

38.    Counterclaimants could not, in the exercise of reasonable diligence, have discovered Counter-defendants misrepresentations, omissions, and/or secret intentions at the time they were made.

39.    As set forth above, in reasonable reliance on Counter-defendants' statements that in exchange for providing discounted Sigelei products, Ou would be a 49% shareholder of Asmodus, Inc,

Ou, through his company, Sigelei, began providing discounted electronic cigarette products to Counter-Defendants.

40.     As a direct and proximate result of the foregoing, Ou and Sigelei have been damages in the amount according to proof at trial.

41.     Counterclaimants are informed and believe, and upon that basis alleges, that in committing the foregoing wrongful acts, Counter-defendants acted intentionally, with malic and in conscious disregard of Counterclaimants rights resulting in foreseeable damages.   As a result, Counterclaimants are entitled to award of punitive and exemplary damages against Defendants, in an amount according to proof.

## SECOND COUNTERCLAIM

### (Breach of Contract Against Yin)

42.     Counterclaimants repeat, reallege and incorporate by reference each and every allegation set forth in the preceding Paragraphs, inclusive, of this Counterclaim as though fully set forth at this place.

43.     In April 2014, Ou entered into a contract with Yin form the company Asmodus, Inc. to distribute electronic cigarettes in the United States.

44.     Ou and Yin agreed that Ou would be a 49% shareholder and Yin would be 51% shareholder in Asmodus, Inc.

45.     Yin agreed to manage the day to day operations of Asmodus and Ou agreed to provide Asmodus with discounted Segelei products for distribution by Asmodus. Further, Ou agreed to provide Asmodus and Yin with a two million dollar line of credit towards the purchase of Segelei products.

46.     Ou performed all the terms, conditions, covenants, obligations and promises as required by him under the terms of the agreement.

47.     Yin breached this agreement by failing to provide Ou with 49% interest in Asmodus, Inc., and failing to account for profits to Ou in Asmodus, Inc.

48.     As a direct and proximate result of Yin's breach of the agreement, Ou has suffered and will continue to suffer past and future damages, in an amount to be proven at trial, plus interest at a legal rate.

**THIRD COUNTERCLAIM**

**(Breach of Fiduciary Duty Against Yin and Fan)**

49.     Counterclaimants repeat, reallege and incorporate by reference each and every allegation set forth in the preceding Paragraphs, inclusive, of this Counterclaim as though fully set forth at this place.

50.     Yin and Fan knew that Ou was dependent upon them, knew that Ou, a non-native English speaker, relied on each of them for guidance and advice, and knew that Ou would repose,, and did repose, in Yin and Fan a high level of trust, faith and confidence.  By acting as officers and directors of Asmodus and representing that they would manage Ou interest in Asmodus would be managed by them, Yin and Fan assumed a legal and fiduciary duty to Ou to act with undivided loyalty and confidentiality.  Yin and Fan assumed as fiduciary duty towards Ou as a minority shareholder of Asmodus, Inc. by virtue of their capacity as Majority shareholders, officers and directors of Asmodus.

51.     Yin and Fan agreed, and were required, to use the standard of care and diligence which competent officers, directors, majority shareholders, agents and fiduciaries, who handle such matter devote to their principals and also minority shareholders, and were required to act with the utmost good faith and trust, and to give their undivided loyalty to Ou.

52.     Yin and Fan, individually and jointly, breached their fiduciary duties by doing, or failiung to do, the things alleged herein, including but not limited to, engaging in self dealing; refusing

to provide any accountings to Ou; attempting to eliminate Ou shareholders interest in Asmodus or to harm Ou's financial interest while favoring Yin and Fan's interests in Asmodus.

53.    As a direct and proximate result of the foregoing acts, Yin and Fan intended to cause, and has in fact caused, actual harm to Ou, and is liable to Ou for damagews in an amount to be proven at trial.

54.    In committing these acts, Yin and Fan are guilty of malice, fraud and/or oppression to Ou.  Yin and Fan's misrepresentations and omissions were willful and made for the purpose of deceiving and defrauding Ou.  Ou is therefore entitled to punitive damages in an amount based upon proof at the time of trial.

## FOURTH COUNTERCLAIM

### (Declaratory Judgment)

55.    Counterclaimants repeat, reallege and incorporate by reference each and every allegation set forth in the preceding Paragraphs, inclusive, of this Counterclaim as though fully set forth at this place.

56.    A dispute has arisen between Ou and Counter-defendants as to Ou's shareholder interest in Asmodus, Inc.

57.    Ou contends that Ou is a shareholder of Asmodus, Inc.

58.    Counter-defendants contend that Ou is not a shareholder of Asmodus, Inc.

59.    As actual existing and bona fide controversy exists between the Ou and the Counter-defendants as to Ou's respective shareholder rights in Asmodus, Inc that can only be determined by a declaratory Judgment.

60.    Ou therefore seeks a declaratory judgment declaring that Ou is a shareholder of Asmodus, Inc.

1

**FIFTH COUNTERCLAIM**

2

(Cancellation of Snow Wolfhead Design Mark Reg. No. 5,104,116)

3

15 U.S.C. § 1051(a)

4

5        61.      Counterclaimants repeat, reallege and incorporate by reference each and every allegation

6    set forth in the preceding Paragraphs, inclusive, of this Counterclaim as though fully set forth at this

7    place

8        62.      Sigelei is the creator and owner of the Snow Wolf Wolf Head Design.  Sigelei first used

9    the Snow Wolf Wolfhead design on electronic cigarettes in commerce in 2013.

10       63.      The Snow Wolf wolfhead design marks are highly distinctive and fanciful, and enjoy a

11   strong secondary meaning within the vaping products market.

12

13       64.      On or about April 22, 2016, Asmodus, knowing caused its agents and attorneys to

14   falsely assert that Asmodus was the  owner of SnowWolf Wolfhead design mark with the USPTO and

15   on December 20, 2016, Asmodus obtained a Trademark Registration No. 5,104,116 (the '116

16   Registration) in the Snow Wolf Wolfhead design in International Class 34.

17       65.      Asmodus is not the owner of the Snow Wolf Design mark and thus the registration is

18   improper under 15 U.S.C. 1051 (a), permitting only registration of trademarks by " the owner of a

19

20   trademark".

21       66.      As a direct and proximate result of Asmodus improper registration, Sigelei has been

22   harmed by Asmodus in an amount to be proven at trial.

23

**SIXTH COUNTERCLAIM**

24

**(Declaratory Judgment For Cancellation of Snow Wolf Wolfhead Design Mark Reg. No.**

25

**5,104,116 And Damages)**

26

**15 U.S.C. § 1064 §1120**

27

28

67.     Counterclaimants repeat, reallege and incorporate by reference each and every allegation set forth in the preceding Paragraphs, inclusive, of this Counterclaim as though fully set forth at this place

68.     In the trademark application, Asmodus was required to state who the owner of the Snow Wolf Woflhead Design mark is.  Asmodus with intent to deceive cause its agents and attorneys to misrepresent it was the owner of the trademark when in fact the trademark was owned by Sigelei.

69.     Had the USPTO known that Asmodus did not own the mark because it was property of Sigelei, the 116 Registration for the mark would not have been approved or issued to Asmodus.

70.     Because 116 Registration was obtained fraudulently, the registration of the Mark must be canceled pursuant to 15 USC 1064.

71.     Because 116 Registration was obtained fraudulently, Sigelei incurred damages as a result of the fraudulently procured registration, Sigelei is entitled to recover those damages pursuant to 15 USC 1120.

## PRAYER FOR RELIEF

Wherefore, Counterclaimants pray for judgment against Counter-Defendants as follows:

72.     For a determination and declaration by the Court that Ou is a 49% shareholder of Asmodus, Inc.;

73.     For general, special, and compensatory damages in a sum to be determined according to proof at trial;

74.     For exemplary damages, in such sum as shall be determined to be just and proper, at time of trial;

75.     For a declaration and determination by the Court that Sigelei is the owner of the Trademark identified in Certificate of Registration  No. 5,104,116;

76.     Or in the alternative; an order directing the United States Patent and Trademark Office

to cancel Defendants' "SNOW WOLF" design mark registered pursuant to Certificate of Registration No. 5,104,116;

77.     For an award of reasonable attorneys fees

78.     For an award of costs incurred herein according to proof; and

79.     For such other or further relief as the Court may deem just and proper.

Dated: March 27, 2017                     BRAUNSTEIN & BRAUNSTEIN, P.C.


                                   By: ___/s/Clark Anthony Braunstein_____
                                          George G. Braunstein
                                          Clark Anthony Braunstein
                                          Annie Berlin
                                          Attorneys for Defendants and Counterclaimants

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Defendants/Counterclaimants hereby demand a trial by jury on all claims which are triable to a jury in this action.


Dated: March 27, 2017                          BRAUNSTEIN & BRAUNSTEIN, P.C.

                                               By: ___/s/Clark Anthony Braunstein_____
                                                   George G. Braunstein
                                                   Clark Anthony Braunstein
                                                   Annie Berlin
                                                   Attorneys for Defendants and Counterclaimants

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A



雪狼外管腐蚀美工图，上下居中，字长度为20mm.

深度0.5mm

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT B**

商标的详细信息

| 打印 | 关闭 |

| 注册/申请号 | 13639011 | 国际分类号 | 34 | 申请日期 | 2013年11月29日 |
| --- | --- | --- | --- | --- | --- |
| 申请人名称(中文) | 深圳思格雷科技有限公司 | | 申请人地址(中文) | | 广东省深圳市宝安区沙井新桥新发一路5号厂房J栋2楼 |
| 申请人名称(英文) | | | 申请人地址(英文) | | |

点击图片查看原图

**商标图像**



SNOWWOLF

**商品/服务列表**

电子香烟；烟草；香烟嘴；吸烟打火机；香烟过滤嘴；

查看详细信息...

**类似群**

3401  3402
3404  3405

| 初审公告期号 | 1432 | 注册公告期号 | 1444 |
| --- | --- | --- | --- |
| 初审公告日期 | 2014年11月20日 | 注册公告日期 | 2015年02月21日 |
| 专用期限 | 2015年02月21日 2025年02月20日 | | |
| 国际注册日期 | | 后期指定日期 | |
| 优先权日期 | | 代理人名称 | 深圳市中民知识产权代理有限公司 |
| 颜色组合 | | 商标类型 | 一般 |
| 是否共有商标 | 否 | | |

| 商标流程 | 业务状态 | 时间 |
| --- | --- | --- |
| | 商标注册申请中 | 2013年11月29日 |
| | 商标注册申请注册公告排版完成 | 2015年03月02日 |
| | 商标注册申请完成 | 2015年04月15日 |

**EXHIBIT C**

# Trademark Detail Information

Registration/Application # 13639011    International Class 34    Application Date Nov. 29, 2013

Applicant:  Shenzhen Sigelei Science and Technology Co Ltd.

Applicant Address:    Bldg J-2

5 Xinfa One Rd

Shajin Xin Qiao, Baohan District

Shenzhen, Guangdong


Trademark Image:    SNOWWOLF        Products/Service    E Cigarette, Tobacco,  Cigarettes, Lighters, Cigarette Filters.  See more details.

Related Classes:  3401, 3402, 3404, 3405

Publication Number 1432        Registered Publication Number 1444

Initial Publication Date Nov. 20, 2014        Registration Publication Date: February 21, 2015

Exclusive Use Period:  February 20, 2015-February 20, 2025

Trademark Representative: Zhongmin Intellectual Property Service Co. Ltd.


Application Process:    Application in Process            Nov. 29, 2013

Publication Edition Completion Date:   March 2, 2015

Trademark Registration Completion Date:  April 15, 2015

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT D**

# United States of America

## United States Patent and Trademark Office

# SNOWWOLF

**Reg. No. 4,691,744**

**Registered Feb. 24, 2015**

**Int. Cl.: 34**

**TRADEMARK**

**PRINCIPAL REGISTER**

SHENZHEN SIGELEI TECHNOLOGY CO., LTD (CHINA CORPORATION)
2 FL. XINFA INDUSTRIAL XIN QIAO VILLAGE
SHA JING TOWN, BAOAN DISTRICT,
SHENZHEN, CHINA

FOR: ELECTRONIC CIGARETTES, ELECTRONIC CIGARS, CARTOMIZERS, NAMELY, COMBINATION ELECTRONIC CIGARETTE REFILL CARTRIDGES SOLD EMPTY AND ATOMIZERS AND SMOKELESS CIGARETTE VAPORIZER PIPE, IN CLASS 34 (U.S. CLS. 2, 8, 9 AND 17).

FIRST USE 4-30-2014; IN COMMERCE 4-30-2014.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 86-326,956, FILED 7-2-2014.

TARAH HARDY, EXAMINING ATTORNEY



**Deputy Director of the United States
Patent and Trademark Office**

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years\***
**What and When to File:**

> *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  *See* 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.\*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse)  **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date).   The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  *See* 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  *See* 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT E**



**State of California**
**Secretary of State**

**118 S**

**Statement of Information**
(Domestic Stock and Agricultural Cooperative Corporations)
FEES (Filing and Disclosure): $25.00.
If this is an amendment, see instructions.

**IMPORTANT – READ INSTRUCTIONS BEFORE COMPLETING THIS FORM**

1. CORPORATE NAME
ASMODUS INC.

2. CALIFORNIA CORPORATE NUMBER   C3664592

No Change Statement

Complete Addresses for the Following

CITY
STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE   GARDENA
15210 S WESTERN AVE   GARDENA
STREET ADDRESS OF PRINCIPAL BUSINESS OFFICE IN CALIFORNIA, IF ANY   CITY
15210 S WESTERN AVE
MAILING ADDRESS OF CORPORATION, IF DIFFERENT THAN ITEM 4

Names and Complete Addresses of the Following Officers

CHIEF EXECUTIVE OFFICER   15210 S WESTERN AVE   GARDENA
HSUEH-CHENG YZN
SECRETARY   15210 S WESTERN AVE   GARDENA
HSUEH-CHENG YZN
CHIEF FINANCIAL OFFICER   15210 S WESTERN AVE   GARDENA
JUNGAO OU

Names and Complete Addresses of All Directors, Including Directors Who are Also Officers

NAME   15210 S WESTERN AVE   GARDENA
HSUEH-CHENG YZN
NAME   15210 S WESTERN AVE   GARDENA
JUNGAO OU
NAME   ADDRESS

NUMBER OF VACANCIES ON THE BOARD OF DIRECTORS, IF ANY   0

Agent for Service of Process

NAME OF AGENT FOR SERVICE OF PROCESS
HSUEH-CHENG YZN   GARDENA
STREET ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, IF AN INDIVIDUAL   CITY
15210 S WESTERN AVE

Type of Business

DESCRIBE THE TYPE OF BUSINESS OF THE CORPORATION
WHOLESALE

BY SUBMITTING THIS STATEMENT OF INFORMATION TO THE CALIFORNIA SECRETARY OF STATE, THE CONTAINED HEREIN, INCLUDING ANY ATTACHMENTS, IS TRUE AND CORRECT.
10/17/2014   HSUEH-CHENG YZN   CEO
DATE   TYPE/PRINT NAME OF PERSON COMPLETING FORM   TITLE
SI-200 (REV 01/2013)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT F**

# United States of America

## United States Patent and Trademark Office



**Reg. No. 5,104,116**

**Registered Dec. 20, 2016**

**Int. Cl.: 34**

**Trademark**

**Principal Register**

Asmodus Inc. (CALIFORNIA CORPORATION)
15210 S WESTERN AVE
GARDENA, CA 90249

CLASS 34: Electric oral vaporizers for smoking purposes; Structural parts for electronic vaporizers for smoking purposes, namely, atomizers, electronic vaporizer mods, bumpers, caps, cartridges, clearomizers, coils, cones, drip tips, refilling tools, tanks; Cartomizers, namely, combination electronic cigarette refill cartridges sold empty and atomizers, sold as a component of electronic cigarettes; Cases for electronic oral vaporizers for smoking purposes; Kits for electronic oral vaporizers for smoking purposes comprising electronic oral vaporizers for smoking purposes and refill cartridges for electronic oral vaporizers for smoking purposes sold empty

FIRST USE 4-15-2014; IN COMMERCE 4-15-2014

The mark consists of a stylized design of a snow wolf head.

SER. NO. 87-010,134, FILED 04-22-2016
KIMBERLY MORGAN RAY, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.*  See 15 U.S.C. §1059.


**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and  an  Application for  Renewal between every 9th and 10th-year period, calculated from the registration date.*


**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** h ttp://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.