Alexander Chen [SBN 245798]
Alexc@inhouseco.com
William R. Walz [SBN 136995]
ww@inhouseco.com
Omid Shabani [SBN 267447]
Os@inhouseco.com
**INHOUSE CO. LAW FIRM**
7700 Irvine Center Drive, Suite 800
Irvine, California 92618
Telephone: (949) 250-1555
Facsimile: (714) 882-7770

Attorneys for Plaintiffs,
Asmodus, Inc. and Hsueh Cheng Yin

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| **ASMODUS, INC.**, a California corporation, **Hsueh Cheng Yin**, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> **JUNBIAO OU, SHENZHEN SIGELEI TECHNOLOGY CO., LTD**, a Chinese company; **DONGGUAN SHENXI HARDWARE ELECTRONICS TECHNOLOGY CO., LTD**, a Chinese company; **DONGGUAN WEHE ELECTRONIC TECHNOLOGY Co. Ltd.**, a Chinese company; **SHENZHEN LSM TECHNOLOGY Ltd.**, a Chinese company; **ACM SUPPLIES, INC.**, a California corporation; **GLOBAL VAPING LLC**, a Nevada limited liability company; **ISAAC WALKER**, an individual; and **DOES 1 through 50,** inclusive, <br><br> Defendants. | Case No.: 5:16-cv-02511-JGB-DTB <br><br> Assigned To: The Hon. Jesus G. Bernal <br><br> **PLAINTIFFS' EX PARTE APPLICATION FOR ENFORCEMENT OF THIS COURT'S ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION; DECLARATION OF ALEXANDER CHEN IN SUPPORT; DECLARATION OF WILLIAM WALZ IN SUPPORT** <br><br> Date: <br> Time: <br> Room: |

1

Plaintiffs' Motion for
Enforcement of Court's Order
Granting Preliminary Injunction

Asmodus Inc., et. al. v. Ou, et. al.
Case No. 5:16-cv-02511-JBG

# EX PARTE APPLICATION

**Request for Relief.** Pursuant to Local Rule 7-19 and Federal Rules of Civil 62, Plaintiffs and Counter-defendants Hseuh Cheng "Eddie" Yin, ("Yin"), and Asmodus, Inc. ("Asmodus" and collectively, the "Plaintiffs") respectfully submit this ex parte application for an order seeking enforcement of this Court's Order granting the Plaintiffs' motion for preliminary injunction filed on May 12, 2017, against Defendants and Counter-claimants Junbiao Ou ("Ou"), Shenzhen Sigelei Technology Co. LTD ("Sigelei"), ACM SUPPLIES, Inc. ("ACM") Donnguan Shenxi Hardware Electronics Technology Co., ("Shenxi"), Global Vaping, LLC ("Global") (collectively "Defendants").

**Necessity.**

This application is made on the grounds that, after four weeks of this Honorable Court's order on May 12, 2017, Defendants continue to defiantly refuse to comply with the Courts' Order in bad faith and in contempt of this honorable Court. It has become the pattern with these Defendants and their counsel to view this Court's orders as subject to their own discretion and convenience, as was previously seen by their counsel's apparent disregard for the Court's standing scheduling order, and successive non-compliance with Plaintiffs' discovery requests. As addressed in this application and argued in the memorandum of points and authorities, Defendants' full and timely compliance with the Order need now be compelled by this Court, since Defendants' have otherwise refused to obey the Order. The Defendants should face consequences, including a penalty for their defiant noncompliance, and to enforce and maintain the respect and order of this honorable Court. Therefore, it is the purpose of this application by the Plaintiffs to seek the Court's assistance to enforce compliance of the Order, and hereby respectfully request whatever remedy this Honorable Court deems necessary and appropriate under these circumstances.

**Notice.**

Pursuant to Local Rule 7-19.1, plaintiffs called and left a detail message with counsel Clark Braunstein's office attendant Olivia B. on June 7, 2017 in and around 10:20 AM as to the date, time and substance of this ex parte application and followed by a written email notice containing the same details to counsel Clark Braunstein. Based on the subsequent communications between

Plaintiffs' Motion for Enforcement of Court's Order Granting Preliminary Injunction

Asmodus Inc., et. al. v. Ou, et. al.
Case No. 5:16-cv-02511-JBG

counsels, Defendants intend to oppose this Application on Monday June 12, 2017 as counsel Clark Braunstein will be out of his office today and tomorrow.

**Conference of Counsel Pursuant to 7-3.**

Pursuant to Local Rule 7-3, plaintiffs met and confer with defendants extensively on May 17, 2017 and May 23, 2017 as to plaintiff's intend to bring a motion to enforce this Honorable Court's May 12, 2017 order.

This application is based on this Ex Parte application, the proposed order, the supporting declaration of Alexander Chen and supporting declaration of William Walz, the pleadings and any other papers on file in this action, any evidence and argument presented at the hearing on this motion and any matters of which the Court may take judicial notice. Plaintiffs request a hearing or a decision without hearing, on this Application at the Court's earliest convenience.

Dated: June 8, 2017

    Respectfully submitted,

    **INHOUSECO. LAW FIRM**

    By:   /s/ William Walz

    Alexander Chen
    William R. Walz
    Omid Shabani
    Attorneys for Plaintiffs, Hsueh Cheng Yin and Asmodus, Inc.

3

Plaintiffs' Motion for
Enforcement of Court's Order
Granting Preliminary Injunction

Asmodus Inc., et. al. v. Ou, et. al.
Case No. 5:16-cv-02511-JBG

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES………………………………………………………..ii

MEMORANDUM OF POINTS & AUTHORITIES………………………………....1

    I.     INTRODUCTION…………………………………………………..1

    II.    FACTUAL BACKGROUND…………………………………………2

    III.   ARGUMENT………………………………………………………..3

        A.  Defendants' Assertion That the Court's Order is Insufficiently
           Specific and So Does Not Comply With Fed. Rule of Civil Proc. 65,
           is False and Self-Serving……………………………………………….3

        B.  The Cases Cited by Defendants in the Meet & Confer Dialogue
           Do Not Apply, and Provide No Grounds to Excuse Defendants'
           Defiance of the Court's Order……………………………………………..6

        C.  The Court's Order Stands on its Own Specific Terms,
           Without Dependence for its Terms on General Reference
           to Earlier Proceedings or Rulings.……………………………………………8

        D.  Defendants' Claims of Ambiguity and lack of Specificity in the
           Court's Order as Grounds for Disregarding it is Tantamount to
           Contempt, and Defendants' Defiant Refusal to Abide by the Order
           Should be Sanctioned Accordingly…………………………………………..9

        E.  The Defendants Must Abide by the Court's Order
           Pending Their Appeal…………………………………………………..10

    IV.   CONCLUSION……………………………………………………..11

i

Plaintiffs' Motion for                                             Asmodus Inc., et. al. v. Ou, et. al.
Enforcement of Court's Order                                        Case No. 5:16-cv-02511-JBG
Granting Preliminary Injunction

# TABLE OF AUTHORITIES

**9th Circuit Cases**                                                                 Page

*Fortyune v. Am. Multi-Cinema, Inc.* 364 F.3d 1087 (9th Cir. 2004)…………………………….3

*Transgo, Inc. v. Ajac Transmission Parts Corp.* 768 F.2d 434 (9th Cir. 1985)……………...4

*Gates v. Shin*, 98 F.3d 463 (9th Cir. 1996)…………………………………………………….6 - 7

**Other Circuit Court Cases**

*TiVo Inc. v. EchoStar Corp.* (Fed. Cir. 2011) 646 F3d 869……………………………………...9

*Goya Foods, Inc. v. Wallack Mgmt. Co.* (1st Cir. 2002) 290 F3d 63..………………………9

*Guzman v. Local 32B-32J, Service Employees Int'l Union, AFL-CIO*
(2nd Cir. 1995) 72 F3d 260……………………………………………………………………10

*Exxon Corp. v. Berwick Bay Real Estate Partners*
(5th Cir. La. Dec. 3, 1984), 748 F2d 937………………………………………………………11


**Supreme Court Cases**

*Int'l Longshoremen's Ass'n v. Phila. Marine Trade Ass'n*, 389 U.S. 76,
    88 S. Ct. 201 (1967)..………………………………………………………………………….8

*Schmidt v. Lessard*, 414 U.S. 473, 94 S. Ct. 713 (1974………………………………….……..8


**Federal Rules**

Fed. R. Civ. P. 37………………………………………………………………………………..6

Fed. R. Civ. P. 45(g)……………………………………………………………………………..6

Fed. R. Civ. P. 65………………………………………………………………………………..5

Fed. R. Civ. P. 62(c)..…………………………………………………………………………...10

Fed. R. App. P. 8(a)(1)…………………………………………………………………………11

ii

Plaintiffs' Motion for
Enforcement of Court's Order
Granting Preliminary Injunction

Asmodus Inc., et. al. v. Ou, et. al.
Case No. 5:16-cv-02511-JBG

# MEMORANDUM OF POINTS & AUTHORITIES

## I. INTRODUCTION

Perhaps because it is so beyond the pale, the Federal Rules of Civil Procedure provide no specific remedy or provision to compel compliance when a party simply ignores a court order outside of the realm of discovery. Fed. R. Civ. P. 37, which provides for sanctions, seems limited to discovery motions, and Fed. R. Civ. P. 45(g), under which a court may hold a party in contempt, applies to a party's failure to obey a subpoena.

Here we face nevertheless analogous conduct by the Defendants in their display of contempt for this Honorable Court's Order imposing an injunction upon them. As argued herein, Defendants' counsel's stated reasons to disobey the Order are so patently weak and legally unjustified, that the real reason for the Defendants declining to obey the Court's Order is transparent: they simply do not want to. Following their initial refusal to comply with the Order, the Defendants filed a notice of appeal of the Order, which does not stay compliance unless this is granted by the Court pursuant to proper motion. In the meantime, the Defendants continue to flout the Order, by variously declaring it to be invalid and, later, upon threat of this instant motion, and seeking to undermine its effect, representing falsely that they are in compliance, when in fact have done nothing whatsoever to comply with the Order's affirmative obligations notwithstanding the Plaintiffs' numerous requests, admonitions in the course of the meet and confer dialogue preceding the filing of this motion. The Minute Order affirms clearly and specifically that the Plaintiffs are suffering irreparable harm by the Defendants conduct. This irreparable harms continues at the hands of the Defendants, including the insidious and likely intentional destruction of Plaintiff Yin's Asmodus business, by Defendant Ou, with his counterfeiting with inferior products and ongoing irreparable damage to the reputation of Defendant Asmodus, Inc. in the marketplace. This necessitates this Motion by ex parte application.

## II. FACTUAL BACKGROUND

1. On May 12, 2017, this Court ordered issued its Order Granting the Plaintiffs' Motion

1

Plaintiffs' Motion for
Enforcement of Court's Order
Granting Preliminary Injunction

Asmodus Inc., et. al. v. Ou, et. al.
Case No. 5:16-cv-02511-JBG

for Preliminary Injunction. [Minutes Order by Judge Jesus G. Bernal, (Court Doc. No. 115) a true and correct copy of which is attached to Chen Decl., Ex. "C"].

2. On May 17, 2017, counsel for Plaintiffs, concerned that the Defendants were not complying with the Order, so notified counsel for the Defendants by email and requested their issuance and filing of a Notice of Compliance with the Order Granting Preliminary Injunction by May 24, 2017.  [*See* email from Alexander Chen, Esq. to Clark Braunstein, Esq. of May 17, 2017, attached to Chen Decl., as Ex. "B", page 3].

3. On this same day, May 17, 2017, counsel for Defendants responded to the above by email to counsel for Plaintiffs, stating that "[t]he Minute Order issued by the Court is ambiguous and fails to comply with Rule 65." [*See* Chen Decl., Ex. "B", page 5].

4. <u>Meet & confer exchange between the Parties</u>: Following this initial exchange, respective counsel engaged in a meet and confer dialogue, which, in summary consisted of Plaintiffs' counsel asserting that the Order was clear, express and unambiguous; while Defendants' counsel asserted that it was not, and for purportedly not meeting the requirements of FRCP 65, was invalid. [Chen Decl. Ex. "B" pages 9-21]. The Defendants have not taken any action whatsoever to affirmatively comply with the Order since it was issued, notwithstanding the Plaintiff's efforts to induce compliance as described above and in the meet & confer exchange.

5. <u>Defendants' later equivocation over compliance</u>. As can be seen later in the meet and confer exchange, and again in response to the notice given for this ex parte application Defendants' counsel began to equivocate on whether the Defendants were complying with the terms of the Order, in coy rejoinder to Mr. Chen's request for compliance with the Order. By email of May 23, 2017, Braunstein sends this challenging two-line email message: "Further, How is my client violating the Order? He is not distributing or selling any products with the marks? (sic). [Chen Decl. Ex. "B" page 19]. By this point in the meet and confer exchange, Plaintiffs' had repeatedly specified what the Order required, citing it verbatim, while Defendants' counsel had argued, in turn, that it was invalid while refusing to comply. Clearly the

2

Plaintiffs' Motion for
Enforcement of Court's Order
Granting Preliminary Injunction

Asmodus Inc., et. al. v. Ou, et. al.
Case No. 5:16-cv-02511-JBG

meet and confer process was of no avail, since the Defendants tactic was to variously claim the Order was defective, that they had filed an for an appeal, and that in any case, they were in compliance, which was patently false. Defendants clearly had no intention of obeying the Order, nor following the appropriate legal procedures for seeking the clarification they purported needed, necessitating the Plaintiffs' bringing of this motion to enforce the Order.

### III.   ARGUMENT

**A.  Defendants' Assertion That the Court's Order is Insufficiently Specific and Does Not Comply With Fed. Rule of Civil Proc. 65, is False and Self-Serving.**

The Defendants' counsel's purported reason for refusal to comply with the Court's Order is apparently based on counsel's determination for himself that the Court's order was "invalid" because it was "insufficiently specific". [Chen Decl., Ex. "B", page 5]. Placing their own judgment over the Court's, and bypassing proper procedure, such pursuant to motion for clarification, the Defendants proceeded as if the Order could be simply ignored at their own discretion.  This is a strikingly discordant position for Defendants to take, inasmuch as the Court's Opinion and resulting Minute Order is thoroughly reasoned, meticulously worded and explicit, leaving no ambiguity as to the specific terms of the injunction.  The Court granted each and every request of the Plaintiffs in their Motion for Preliminary Injunction with no request denied or excepted.

Federal Rule of Civil Procedure 65(d) states in relevant part that every order granting an injunction and every restraining order must "state its terms specifically" and "describe in reasonable detail the act or acts restrained or required."  "The Rule was designed to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood." *Fortyune v. Am. Multi-Cinema, Inc.* 364 F.3d 1087 (9th Cir. 2004).  The Court "will not set aside injunctions under Rule 65(d) unless they are so vague that they have no reasonably specific meaning." *Fortuyne v. Am. Multi-Cinema, Inc.* at 1087.  In *Transgo, Inc. v. Ajac Transmission Parts Corp.*, the Court stated that "the injunction in the instant case precisely [set] out the forbidden conduct. [Defendant] was on notice"

3

Plaintiffs' Motion for
Enforcement of Court's Order
Granting Preliminary Injunction

Asmodus Inc., et. al. v. Ou, et. al.
Case No. 5:16-cv-02511-JBG

of what it was prohibited from doing. *Transgo, Inc. v. Ajac Transmission Parts Corp.* 768 F.2d 434 (9th Cir. 1985).

The Court's Order in question states specifically and in detail the acts and conduct ordered to be restrained, as well as affirmatively required to be done by the Defendants to comply with the Order. Beginning on page six of the Order, the Court states what the Defendants are enjoined from doing:

> "Plaintiffs now move for a preliminary injunction, enjoining Ou and his alter ego companies from doing, the following, pending a final judgment in this case:
>
> (i) referencing, mentioning, and/or using in any way Plaintiffs' ASMODUS Word and Design trademarks (collectively "ASMODUS Trademarks"), ASMODUS design Copyright, MINIKIN Trademark, and/or HELVE Trademark in connection with the sale of products (Mot. at 2); (ii) referencing, mentioning, and/or using in any way Plaintiffs' ASMODUS Trademarks, ASMODUS design Copyright, or MINIKIN and/or HELVE marks or any other trademark confusingly similar to the ASMODUS marks, ASMODUS' design copyrights, and/or MINIKIN or HELVE marks;
> (iii) copying or reproducing, in whole or in part, any text, photographs, graphics, or other copyrighted expression from ASMODUS' design Copyright;
> (iv) selling, advertising, making any other use of a design, pattern, signal, mark displayed upon digital screens, or packaging that is confusingly similar to the ASMODUS Trademarks, ASMODUS design Copyright, and/or Plaintiffs' MINIKIN and/or HELVE marks, including the products currently sold by Defendants that display the ASMODUS Trademarks, as well as Plaintiff's MINIKIN and HELVE marks; (v) advertising, marketing, or describing products displaying, or otherwise making any use of the ASMODUS Trademarks, the ASMODUS design Copyright, and/or Plaintiffs' MINIKIN and/or HELVE trademarks, in any manner likely to mislead consumers as to the source of such products and/or their affiliation with Asmodus; (vi) interfering with Asmodus' relationships with its members, distributors, customers, marketers, including, without limitation, by contacting Asmodus' existing members, distributors, customers and marketers for the purpose of soliciting business or making false or misleading statements or otherwise discussing Asmodus or its products and trademarks with such members, distributors, and marketers;
> (vii) using or referring to Plaintiffs' trademarked names and/or likenesses for any commercial purpose; and (viii) posting, maintaining, displaying or performing promotional videos or advertisements for products that contain, display, or otherwise make use of ASMODUS Trademarks, ASMODUS copyrights, and/or Plaintiffs' MINIKIN and HELVE trademarks, including, without limitation those posted on Defendants' websites,

4

Plaintiffs' Motion for
Enforcement of Court's Order
Granting Preliminary Injunction

Asmodus Inc., et. al. v. Ou, et. al.
Case No. 5:16-cv-02511-JBG

    including, but not limited to, Sigelei's website. (www.sigelei.com), Laisimo's website, and/or Global Vaping's website (www.globalvaping.com); (ix) immediately ceasing and desisting from the production and/or sale of any counterfeit products, which display or make any use of the ASMODUS Trademarks, ASMODUS Copyrights, and/or the MINIKIN and/or HELVE trademarks."

  In like detail and specificity, the Order states what the Defendants are affirmatively required to do pursuant to the preliminary injunction: "Plaintiffs also seek a preliminary injunction ordering Ou and his alter ego companies to do the following, pending a final judgment in this case:

    (i) turn over and deposit with the Court or Plaintiffs' Counsel all existing products in their possession, custody, or control that display or otherwise make any use of the ASMODUS Trademarks, or MINIKIN or HELVE trademarks, or the ASMODUS Copyright;

    (ii) post a notice on the home pages of all Defendants' websites, stating both in English and Chinese, that:

      This Company has been required by the United States District Court for the Central District of California to post this notice in order to avoid further confusion in the marketplace. The ASMODUS, MINIKIN, and HELVE products formerly sold through this website have no affiliation with genuine ASMODUS products that bear or display ASMODUS, MINIKIN, or HELVE Trademarks. The Court has ordered that this Company may no longer sell ASMODUS, MINIKIN, or HELVE products in order to avoid confusion between those products and those sold by ASMODUS, Inc."

A true and correct copy of the Minutes Order in its entirety is attached as Exhibit "C" to the Declaration of Alexander Chen in Support of this Motion.

  Thus it can be seen by no more than reading the Minute Order itself, what the Defendants were ordered to do, the conduct that is enjoined, as well as the conduct and acts that are affirmatively required to be undertaken by the Defendants. There is certainly no lack of specificity that would legitimize the Defendants' claim that the Order does not satisfy the requirements of FRCP 65, or in any way justifies the Defendants' ill-advised and defiant stance to ignore the Court's Ruling and Minutes Order.

5

Plaintiffs' Motion for
Enforcement of Court's Order
Granting Preliminary Injunction

Asmodus Inc., et. al. v. Ou, et. al.
Case No. 5:16-cv-02511-JBG

**B. The Cases Cited by Defendants in the Meet & Confer Dialogue Do Not Apply, and Provide No Grounds to Excuse Defendants' Defiance of the Court's Order.**

In an email of May 17, 2017, counsel for the Defendants, Clark Braunstein, wrote to Plaintiffs' counsel Alexander Chen contending that, "The Minute Order issued by the Court is ambiguous and fails to comply with Rule 65." [Chen Decl., Ex. "B" page 5]. Mr. Braunstein does not explain in this email or in later communications why he contends the Order is "ambiguous", which the Merriam-Webster online dictionary defines as: "1(a) doubtful or uncertain especially from obscurity or indistinctness, (b) inexplicable; and 2) capable of being understood in two or more possible senses or ways. (https://www.merriam-webster.com/dictionary/ambiguous). Without argument or even discussing their applicability Braunstein then cites the cases of *Gates v. Shinn, Int'l Longshoremen's Ass'n. v. Philadelphia Marine Trade Ass'n*, and a "see also" reference to *Schmidt v. Lessard*. He concludes his email with his statement that, "[h]ere the Minute Order does not stay [sic] any details as to what is enjoined or what my client is required to do." [Chen Decl., Ex. "B" page 5]. The Defendants' unilateral determination of the Order's purported "ambiguity", voiced by Mr. Braunstein on behalf of the Defendants, is inadequate to justify the Defendants' refusal to comply with the Court's Order. As set forth above, the Court's 25-page Order, meticulously and explicitly drafted, and granting the Defendants' entire prayer for relief without reservation or exception to any term prayed for, is anything but, "doubtful or uncertain", "inexplicable" or "capable of being understood in two or more possible sense or ways" per the Merriam-Webster Dictionary's definition.

A reading of the cases then cited without explanation by Mr. Braunstein ostensibly to support the Defendants' position, shows that they have no direct applicability or relevance, and were obviously hastily cited based on guidebook references to the specificity requirements of FRCP 65. *Gates v. Shinn*, 98 F.3d 463 (9th Cir. 1996), cited by Defendants for its example of "lack of specificity in the Order", is readily distinguished from our case. In *Gates v. Shinn*, the issue was whether a consent decree, which was issued pursuant to motion for an injunction, was specific enough for a court to hold the defendants in contempt for failure to follow the order. The plaintiffs

6

Plaintiffs' Motion for
Enforcement of Court's Order
Granting Preliminary Injunction

Asmodus Inc., et. al. v. Ou, et. al.
Case No. 5:16-cv-02511-JBG

in that case had brought a suit challenging the constitutional adequacy of care at the California Medical Facility.  Thereafter, the parties agreed to the consent decree, requiring the facility to create an outpatient psychiatric program.  'The provision at issue required "appropriate psychiatric evaluation and treatment for all inmates."'  *Gates v. Shinn* at 467.  However, the provision itself did not specify the meaning of "appropriate level of psychiatric evaluation and treatment", which could have been interpreted in numerous ways.  The Court concluded that "no showing was made of any specific meaning" and "the only standard for assessment and development of the psychiatric program is the meaningless one that it should be 'appropriate'".  Id. at 471.  Agreeing with the defendants that the injunction was invalid, the Court ruled that there was a "lack of specific terms in the decree." Id. at 472.  The *Gates v. Shinn* case is readily distinguished from our case, in which the all the terms are specifically set out in the Order as discussed above.  In the Order, there are no ambiguous terms such as "appropriate" that require more specific definition.  The Order is meticulous, precise in every detail, and in no sense "ambiguous" as the Defendants have determined for themselves.

    *Int'l Longshoremen's Ass'n v. Phila. Marine Trade Ass'n*, 389 U.S. 76, 88 S. Ct. 201 (1967) is also cited by the Defendants, apparently by way of associating themselves with another exemplar of insufficient specificity in an order.  *Int'l Longshoremen's Ass'n* is likewise readily distinguished by looking at the actual facts of the case, and hardly provides the Defendants with the justification they seek to defy this Court's Order. In *Int'l Longshoremen's Ass'n*, the Supreme Court ruled that the order in the case "clearly failed to comply with [Rule 65(d)], for it did not state in 'specific…terms' the acts that it required or prohibited." The union and employers' association in that case disagreed about the interpretation of certain set-back provisions, and submitted the dispute to an arbitrator, who ruled in favor of the employers' association.  This precipitated a strike by the union, and the employers' association brought an action to enforce the arbitrator's award.  The District Court entered a decree requiring the arbitrator's award to be "specifically enforced" and ordered the union to "comply with and to abide by" the award.  The Supreme Court determined that the decree at issue was framed in a way that was "unintelligible" difficult to understand and "left entirely unclear what it demanded." *Int'l Longshoreman's Ass'n v. Phila. Marine Trade Ass'n* at

7

Plaintiffs' Motion for
Enforcement of Court's Order
Granting Preliminary Injunction

Asmodus Inc., et. al. v. Ou, et. al.
Case No. 5:16-cv-02511-JBG

74. This is clearly distinguishable from our case in which the Order is specific and does state its terms by reference any other court's rulings as was the issue in the *Int'l Longshoreman's Ass'n* case. On pages 6 through 7 of the Order, it lists in detail in items (i) through (ix) what the Defendants are prohibited from doing. On pages 7 through 8, the Order further lists what Defendants are affirmatively required to do. There is nothing referential in the instant Order, which stands on its own, express terms for the injunction it orders. This is an inappropriate citation by the Defendants.

### C. The Court's Order Stands on its Own Specific Terms, Without Dependence for its Terms on General Reference to Earlier Proceedings or Rulings.

In the course of the meet and confer dialogue preceding the filing of this motion to enforce the Court's Order, Defendants' counsel also cites the Supreme Court case of *Schmidt v. Lessard*, 414 U.S. 473, 94 S. Ct. 713 (1974), where the Supreme Court held that the order issued by the lower court did not satisfy the specificity requirements of Rule 65(d), and was therefore invalid. The language in the Supreme Court's opinion is instructive, but essentially the problem with the lower court's order was that, for its terms it depended entirely on general reference to the court's earlier opinion and ordered that the judgment be entered "in accordance with the Opinion heretofore entered." *Schmidt v. Lessard* at 474. The Supreme Court ruled that this order "[fell] short of satisfying the second and third clauses of Rule 65(d)" because it was not "specific in outlining the terms of the injunctive relief granted; nor can it be said that the order describes 'in reasonable detail…the act or acts sought to be restrained.' Rather, the defendants were simply told not to enforce the present Wisconsin scheme against those in the appellee's class." *Schmidt v. Lessard* at 474.

The reason the Supreme Court found the lower court's order to fall short of the requirements of Rule 65(d) was because the order based its terms on general reference to another ruling, here "the Opinion heretofore entered" by the district court. The facts of *Schmidt v. Lessard* do not apply to the Order here at issue. An attentive review of the Order shows that it stands on its own, very specific terms, without relying on general reference for the actions to be enjoined, prohibited or

8

Plaintiffs' Motion for
Enforcement of Court's Order
Granting Preliminary Injunction

Asmodus Inc., et. al. v. Ou, et. al.
Case No. 5:16-cv-02511-JBG

affirmatively required, on any other ruling or document. The Order is clearly based entirely on the Plaintiffs' motion for preliminary injunction, the Defendants' opposition, and the Plaintiffs' reply, as well as the supplemental briefs submitted by the parties at the Court's request. It seems that Defendants' cited *Schmidt v. Lessard* superficially for its "lack of specificity" language without caring to read what the case was about, and why the Supreme Court determined that the order in that case did not comply with Rule 65(d).

### D. Defendants' Claims of Ambiguity and lack of Specificity in the Court's Order as Grounds for Disregarding it is Tantamount to Contempt and Defendants' Defiant Refusal to Abide by the Order Should be Sanctioned Accordingly.

The Defendants' conduct in this case, and in the matter of disobeying the Court's Order, is unsettling because of its unnecessary recklessness. If the Order had perhaps been actually vague or ambiguous, there could at least be some argument made; however, here the Order here is precisely drafted and explicit as to what the preliminary injunction specifically requires of the Defendants. Transparently, the Defendants are simply unhappy with it, and thus do not want to follow the Order. This likely explains why the Defendants are pursuing their high risk strategy of simply ignoring the Order, since had they followed the proper procedure and had requested the Court's clarification of what the Defendants assert is "vague" about the Order, they would be sure to have the terms re-delivered to them with the issue quickly dispatched. Such conduct is considered a high risk tactic, and chargeable as contempt, particularly when the party "bypasses opportunities to present its asserted vagueness claim on appeal or through a motion to clarify or modify the injunction." Courts have held that parties proceeding in this fashion act "at their peril". *TiVo Inc. v. EchoStar Corp.* (Fed. Cir. 2011) 646 F3d 869, 886; see also *Goya Foods, Inc. v. Wallack Mgmt. Co.* (1st Cir. 2002) 290 F3d 63, 75-76.

### E. The Defendants Must Abide by the Court's Order Pending Their Appeal.

The Defendants, clearly unhappy with the Court's Order granting preliminary injunction, filed their Notice of Appeal of Order on Motion for Preliminary Injunction on May 24, 2017 [Doc.

9

Plaintiffs' Motion for
Enforcement of Court's Order
Granting Preliminary Injunction

Asmodus Inc., et. al. v. Ou, et. al.
Case No. 5:16-cv-02511-JBG

No. 119]. On the one hand, the series of emails from Defendants' counsel Clark Braunstein have reflected the Defendants' intention not to abide by the Order based on their contention that it fails to comply with FRCP 65, as discussed above. However on May 23, 2017, in the course of a lengthy meet and confer exchange with Defendants' counsel Alexander Chen, Mr. Braunstein sent his challenging email, which said: "Further, How is my client violating the Order? He is not distributing or selling any products with the marks? [sic]" This was an strange and ambiguous retort in the context of the exchange where Mr. Chen was trying to gain the Defendants' compliance with the Order so that the instant motion would not be needed, while Mr. Braunstein was asserting that the Order was invalid, and on that basis refusing to comply. Whether this was a mere taunt on the part of Mr. Braunstein, or none-to-clever gamesmanship to continue to evade compliance with the Order is unclear. If gamesmanship, it is self-defeating since "no interlocutory appeal lies where the defendant has already complied with the preliminary injunction and the conduct cannot be undone. In such cases, the appeal will be dismissed as moot…." *Guzman v. Local 32B-32J, Service Employees Int'l Union, AFL-CIO* (2nd Cir. 1995) 72 F3d 260, 263. It is not the purpose here to address the possible merits of the Defendants' appeal, but rather to highlight their cavalier pattern of misconduct, which undermines any confidence that they will abide by the Orders and Rules of this Court, absent any consequence or penalty for their willful noncompliance.

  Federal Rule of Appellate Procedure 8(a)(1) <u>Initial Motion in the District Court</u>, provides:

"A party must ordinarily move first in the district court for the following relief:

(A) a stay of the judgment or order of a district court pending appeal;

(B) approval of a supercedeas bond; or

(C) an order suspending, modifying, restoring or granting an injunction while an appeal is pending.

  The proper procedure for the Defendants to stay the enforcement of the Order is set forth and must be made pursuant to FRCP 62(c) *Injunction Pending Appeal*, which provides in pertinent part: "While an appeal is pending from an interlocutory order or final order that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." To justify stay of preliminary

10

Plaintiffs' Motion for
Enforcement of Court's Order
Granting Preliminary Injunction

Asmodus Inc., et. al. v. Ou, et. al.
Case No. 5:16-cv-02511-JBG

injunction issued by District Court, appellant must show that (1) it is likely to succeed on merits of its appeal, (2) it will be irreparably injured if injunction is not stayed, (3) stay will not substantially harm appellee, and (4) granting stay will serve public interest. See *Exxon Corp. v. Berwick Bay Real Estate Partners* (5th Cir. La. Dec. 3, 1984), 748 F2d 937.

Absent an order to stay enforcement of the Court's Order granting the preliminary injunction properly obtained under FRCP 62 or FRAP 8, Defendant Ou and his co-defendant companies cannot be allowed to simply disregard in contempt the Court's clear Order, under their own, unilateral determination and various and inconsistent assertions that it is "invalid", that they are appealing, or disputing the fact of their noncompliance against all evidence.

### IV.   CONCLUSION

Based upon the foregoing, the Plaintiffs respectfully request that this Court enter an order enforcing the Preliminary Injunction issued by the Honorable Court on May 12, 2017, or for such other relief that the Court deems just and proper, including penalties for their open contempt for the Order of this Court, and the costs incurred by the Plaintiffs in having to bring this motion.

Dated: June 8, 2017

Respectfully submitted,

**INHOUSECO. LAW FIRM**

By:   /s/ William Walz

Alexander Chen
William R. Walz
Omid Shabani
Attorneys for Plaintiffs, Hsueh Cheng Yin and Asmodus, Inc.

11

Plaintiffs' Motion for
Enforcement of Court's Order
Granting Preliminary Injunction

Asmodus Inc., et. al. v. Ou, et. al.
Case No. 5:16-cv-02511-JBG

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on this date to all current and/or opposing counsel of record, if any to date, who are deemed to have consented to electronic service via the Court's CM/ECF system per Civ.L.R. 5.4(d). Any other counsel of record will be served by electronic mail, facsimile, and/or overnight delivery upon their appearance in this matter.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed this 8th day of June 2017, at Orange County, California.

Dated: June 8th, 2017                                      InHouse Co.

                                                           By: /s/ Alexander Chen

                                                           Alexander Chen

12

Plaintiffs' Motion for
Enforcement of Court's Order
Granting Preliminary Injunction

Asmodus Inc., et. al. v. Ou, et. al.
Case No. 5:16-cv-02511-JBG