1
George G. Braunstein, Esq. (SBN 134602)
        George@braunsteinpc.com

2
Clark Anthony Braunstein, Esq. (SBN 278023)
        Clark@braunsteinpc.com

3

4
Annie Berlin, Esq. (SBN 290508)
        Annie@braunsteinpc.com

5
**BRAUNSTEIN & BRAUNSTEIN, P.C**.
11755 Wilshire Boulevard, Suite 2140

6
Los Angeles, California 90025

7
(310) 914-4999 (Telephone)
(310) 914-4996 (Facsimile)

8

9
Attorneys for Defendants and Counterclaimants
Junbiao Ou, Shenzhen Sigelei Technology Co., Ltd.;

10
Dongguan Shenxi Hardware Electronics Technology Co, Ltd,
ACM Supplies LLC, and Global Vaping, LLC

11

12
**UNITED STATES DISTRICT COURT**

13
**CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

14
ASMODUS, INC., et al.

15
                    Plaintiffs,

16
        vs.

17
JUNBIAO OU, et al.

18
                    Defendants

19

20
JUNBIAO OU, an individual; SHENZHEN
SIGELEI TECHNOLOGY CO. LTD, a

21
Chinese Company

22
                    Counterclaimants,

23
        vs.

24
HSUEH CHENG YIN, a.k.a. EDDIE YIN,
an individual, EILEEN TING FAN, an

25
individual; ASMODUS, INC., a California

26
Corporation; and ROES 1-50.

27

28
                    Counter-defendants.

**Case No:** <u>**5:16-cv-02511-JGB-DTB**</u>
(Assigned to the Hon. Jesus G. Bernal)

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS EX PARTE APPLICATION FOR ENFORCEMENT OF THE COURT'S ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

## I.     INTRODUCTION

Defendants Junbiao Ou ("Ou"), Shenzhen Sigelei Technology Co., Ltd. ("Sigelei"); Dongguan Shenxi Hardware Electronics Technology Co, Ltd ("Shenxi"), ACM Supplies LLC ("ACM"), and Global Vaping, LLC ("Global") (collectedly "Defendants") hereby submit this Memorandum of Points and Authorities in Opposition to Plaintiffs Asmodus, Inc. ("Asmodus") and Hsueh Cheng Yin ("Yin") (Collectively "Plaintiffs")  Ex Parte Application for Enforcement of This Court's Motion for Preliminary Injunction.

Preliminarily, as indicated previously under oath, Defendants are currently not selling, manufacturing, importing, distributing, or in possession of any items that contain any of the Marks or Copyrights at issue in this matter. See Transcript of April 24, 2017 hearing, Dkt. 112-3, pg 34.) Further, Defendants have informed Plaintiff that Defendants are not selling, manufacturing, importing any products with the marks at issue in this matter.  (See Dkt. 126-1, Page 33.)

Additionally, Plaintiffs Application is a red herring attempt to force Defendants divert their attention to preparing their Opening Appellate Brief, due on June 21, 2017, and focus on this meritless Application.  Rather, than address the issues on the appeal, Plaintiffs are wasting the parties time by filing this procedurally improper ex parte application, when Plaintiff was made aware that Defendants Counsel would be out of town.  (Dkt. 126-1, page 8.)

## II.    ARGUMENTS

### A.     Ex Parte Relief is Improper

Plaintiffs have not established any basis to warrant ex parte relief.  In fact, Plaintiffs notice requirement for ex parte relief fails to comply with Local Rule 7-19.

Additionally, Plaintiffs Application fails to explain why it is entitled to ex parte relief. Courts have held that "the 'opportunities for legitimate ex parte applications are extremely limited.'" *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013)

(*citing In re Intermagnetics America, Inc.*, 101 B.R. 191, 193 (C.D.Cal.1989). Thus, a party seeking ex party relief must show why the moving party should be allowed to "go to the head of the line in front of all other litigants and receive special treatment." *Mission Power Engineering Co. v. Continental Cas. Co.* 883 F.Supp. 488, 492, (C.D.Cal. 1995).

Therefore, "the use of such a procedure is justified only when (1) there is a threat of immediate or irreparable injury; (2) there is danger that notice to the other party may result in the destruction of evidence or the party's flight; or (3) the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion (i.e., to file an overlong brief or shorten the time within which a motion may be brought)." *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013).

Here, Plaintiffs have not explained why this application should not be heard on a noticed Motion. The reason for this is because Plaintiffs are using the ex parte application as a badfaith litigation tactic to tie up Defendants counsel, when they were aware they he would be out of the office and has his appellant brief due on June 21, 2017.  Thus, this ex parte application should be denied as Plaintiffs have not established irreparable harm.

**B.     Plaintiffs' Application Is Improperly Seeking a New Injunction to Enforce Compliance of the Existing Injunction.**

Plaintiffs Application is procedurally improper.  The Ninth Circuit has clearly stated that a party cannot enforce an existing injunction by seeking a new injunction ordering compliance. *Barrientos v. Wells Fargo Bank, N.A.* 633 F3d 1186, 1190 (9th Cir. 2011); See also *Alderwoods Group, Inc. v. Garcia*  682 F3d 958, 968 ((11th Cir. 2012).

Here, Plaintiffs Application is procedurally improper because by its own express terms, Plaintiff is seeking an order to enforce the Preliminanry Injunction Order.  (Dkt. 126.) Thus, it is procedurally improper for Plaintiffs to seek such an order enforcing an injunction.

**C.      Plaintiffs Attempt to Seek Sanctions Ex Parte is Procedurally Improper**

Plaintiffs last sentence seems to ask the court to sanction Defendants for their "open contempt" is procedurally improper as any attempt to seek sanctions must be done on a noticed motion due to due process concerns. Special procedural protections apply where the contempt occurs outside the court's presence. *International Union, UMWA v. Bagwell* 512 US 821, 833 (1994) [noting that "due process requirements prohibit summary adjudication of indirect contempt]. Further, due process requires a formal evidentiary hearing. *See Id.*

Further, Plaintiffs attempt to seek this matter ex parte is procedurally improper and denies Defendants due process by depriving them the opportunity to fully brief this matter, present evidence and an opportunity to be heard on proper notice.

**D.      Plaintiffs has failed to present the Court with any evidence that Defendants have Violated the May 12, 2017 Order.**

Plaintiffs Application is nothing more than a tactic to force Defendants to file motions during the time their opening appellate brief is due. While Plaintiffs is vague as to whether or not Plaintiffs is seeking that Defendants be held in Contempt, as such request should be denied as Plaintiffs fails to provide the applicable case law or evidence to establish that Defendants should be held in contempt.

The Ninth Circuit requires that the party alleging civil contempt must establish by clear and convincing evidence that the alleged contemnor: 1) "violated the court order"; 2) "beyond substantial compliance"; and 3) "not based on a good faith and reasonable interpretation of the order …" *Labor/Community Strategy Ctr. v. Los Angeles County Metropolitan Transp. Authority* 564 F3d 1115, 1123 (9th Cir. 2009).

Here, Plaintiffs Application fails to address any of these issues and fails to provide the court with any applicable case law or facts to support any argument that Defendants should be held in Contempt. Additionally, as this matter was raised ex parte, it would be improper for

Plaintiffs to no allege additional law and facts as Defendants would be denied an opportunity to respond since Plaintiffs sought its request ex parte.

**E.**     **Plaintiffs seeks to litigate the issues Defendants intend to raise on Appeal in this Ex Parte Application.**

Specifically, the May 12, 2017 Order should be overruled as the Order fails to comply with Rule 65(d).

An order granting a preliminary injunction must be specific in terms, and must: 1) Set forth the reasons for its issuance; and 2) Describe in reasonable detail the conduct to be enjoined, without reference to the pleadings or any other documents. (Fed.R. Civ. Proc. 65(d)(1)(C); see C*PC Int'l, Inc. v. Skippy Inc.* 214 F3d 456, 459 (4th Cir. 2000)  ["The terms of Rule 65(d) are mandatory and must be observed in every instance" (internal quotes omitted); *See also In re Rockford Products Corp.* 741 F3d 730, 734 (7th Cir. 2013) ["only concrete language in a written order can be enforced as an injunction"].

Additionally, the conduct enjoined should be spelled out in the injunction itself. Fed.R.Civ.Proc. 65(d)(1)(C), which expressly prohibits incorporation by reference to the complaint or other documents. *Thomas v. County of Los Angeles*  978 F2d 504, 509 (9th Cir. 1993); *City of New York v. Mickalis Pawn Shop, LLC* 645 F3d 114, 146 (2nd Cir. 2011); *Consumers Gas & Oil, Inc. v. Farmland Industries, Inc.* 84 F3d 367, 370-371 (10th Cir. 1996). The purpose is to minimize disagreements over what has been enjoined.  *Schmidt v. Lessard* 414 US 473, 476, (1974); Dupuy v. Samuels (7th Cir. 2006) 465 F3d 757, 758.

Here, the May 12, 2017 Order Set forth the reasons for its issuance but fails to describe in reasonable detail the conduct to be enjoined, without reference to the pleadings or any other documents.  Thus, the Order fails to comply with Rule 65(d) as such, Plaintiffs will be unable to establish that Defendants are not in compliance with any part of the Order.

III.    **CONCLUSION**

For the foregoing reasons, Defendants request that the Court deny Plaintiffs' Ex Parte Application.


Dated: June 14, 2017                          Respectfully Submitted,

                                              BRAUNSTEIN & BRAUNSTEIN, P.C.


                                              By:   /s/Clark Anthony Braunstein
                                                    George G. Braunstein
                                                    Clark Anthony Braunstein
                                                    Annie Berlin
                                                    Attorneys for Defendants

1

**Certificate Of Service**

2

3

I hereby certify that I, Clark Anthony Braunstein, electronically filed the foregoing with the Clerk of the Court for the United States District Court, Central District of California, by using the Courts' CM/ECF system on June 14, 2017.

4

5

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the Court's CM/ECF system.

6

7

8

By:  __/s/Clark Anthony Braunstein_____
          Clark Anthony Braunstein

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS EX PARTE APPLICATION